CALVIN CHILDS *vs.* ZAAVAN P. JORDAN, executor.

Parol evidence of declarations by a deputy sheriff, that a note and mortgage assigned to him were taken in satisfaction of an execution and held for the benefit of the execution creditor, is admissible to establish a trust in the note and mortgage against his executor in favor of the creditor.

A deputy sheriff took a promissory note in satisfaction of an execution, and died. The execution creditor demanded the note from his executor, who did not give it up, but collected it. *Held*, that the execution creditor could maintain an action against the executor for the amount of the note; and that the statute of limitations did not begin to run till the demand.

CONTRACT for money had and received. Writ dated February 12, 1868. Trial in the superior court, without a jury, before *Scudder*, J., who reported the case for the determination of this court, substantially as follows:

The plaintiff, having an execution against John A. Blood for $152.60, placed it for collection in the hands of John T. Jordan, a deputy sheriff, who on May 9, 1859, took from Blood and his wife, in settlement and satisfaction of the execution, an assignment of a note and mortgage for $150, which the wife held against Frederick Bigelow. No mention was made in the assign-

ment that it was in satisfaction of the execution, or for the use of, or in trust for the plaintiff. John T. Jordan died in March 1865, and the defendant was appointed his executor. In September 1865 the plaintiff demanded the note from the defendant; but in the following October the defendant gave up the note to Bigelow and discharged the mortgage, receiving from Bigelow in settlement therefor about $104.50 in cash, and his own note for $50. The proceeds of the note and mortgage were applied by the defendant in payment of debts due from the estate.

"It further appeared from parol evidence, offered by the plaintiff, of verbal declarations and promises of John T. Jordan, made about the time he received the mortgage and shortly afterwards, that the execution was settled by the note and mortgage, and that they were taken and held by him for the benefit of the plaintiff. To this evidence the defendant objected, but it was admitted by the judge."

The case was reported by consent of the parties, with the agreement that, if the plaintiff was entitled to recover upon the evidence legally in the case, he was to have judgment for $154.50; otherwise the defendant to have judgment.

*J. B. Richardson*, for the plaintiff.

*E. Avery*, (*G. M. Hobbs* with him,) for the defendant.

CHAPMAN, C. J. The defendant's testator was a deputy sheriff, and an execution was placed in his hands for collection in favor of the plaintiff against John A. Blood. While he held it, on May 9, 1859, he took an assignment of a note secured by mortgage, in settlement and satisfaction of the execution. The note was for $150, being about the amount of the execution. The assignment was not expressed to be for the benefit of the plaintiff. Parol evidence was admitted of the declarations and promises of John T. Jordan, made about the time of receiving the assignment and shortly afterwards, that the execution was settled by the note and mortgage, and that they were taken and held by him for the benefit of the plaintiff. This evidence was objected to.

Parol evidence that the assignment was in trust for the plaintiff was competent. It is so even to establish a resulting trust ir

real estate. *Peabody* v. *Tarbell*, 2 Cush. 226, 232. *Livermore* v. *Aldrich*, 5 Cush. 431, 434. Here the mortgage was a mere security for the note, which was the principal thing assigned. The admissions of John T. Jordan while he held the note would have been admissible in an action against him, and they are so against his executor. 1 Phil. Ev. 527.

If the phraseology of the report, that there was evidence of " verbal declarations and promises " of John T. Jordan, implies that he made these declarations and promises to the plaintiff, then the plaintiff's assent to this mode of settling the execution appears. If they were not so made, there was nothing but silent acquiescence on the part of the plaintiff during the lifetime of John T. Jordan. And apparently the plaintiff would then be at liberty to ratify the transaction, or to treat the settlement as a tortious act of the officer. The note and mortgage lay in the hands of John T. Jordan till his death in March 1865, uncollected. The legal title, being in him, passed to his executor; but if he held it in trust, the executor would take it subject to the trust. It would not be a part of the assets of the estate; but when collected, the avails would belong to the *cestui que trust*. *Farrelly* v. *Ladd*, 10 Allen, 127.

The defendant collected the note by receiving cash and another note payable to himself, after the plaintiff had notified him that he claimed the note and demanded it from him. The plaintiff ratified the settlement at that time, if he had not done so before. The statute of limitations cannot apply to the case, for it would not begin to run, either as to the testator or the executor, until a demand was made by the *cestui que trust*, the note remaining uncollected.

The defendant contends that the plaintiff's cause of action accrued at the time of the assignment, because the taking it was a malfeasance by his testator. But the plaintiff was not bound to treat it as such, but might acquiesce in it as a proper settlement of his debt. *Judgment for the plaintiff.*