## FRANCIS A. PERRY *vs.* EDWARD F. PORTER.

Suffolk. Mar. 7, 1876. — Jan. 27, 1877. AMES & MORTON, JJ., absent.

On the issue whether a deed of land was signed by the grantor with a knowledge of its contents, his testimony that he never intended to convey his land to the grantee is admissible.

TORT, with counts for libel, and others for slander. The declaration alleged that the defendant had charged the plaintiff with various wrong-doings in connection with the estate of Ebenezer Atkins, deceased, of whose will the plaintiff was executor, and among others with getting a deed from Mrs. Atkins, the sole legatee, of her real estate, without her knowledge, in which the plaintiff's wife was named as grantee.

At the trial in this court, before *Devens, J.,* it appeared that in June, 1871, Mrs. Atkins signed and acknowledged before the plaintiff, as a justice of the peace, a deed of all her real estate to the plaintiff's wife, Harriet N. Perry, which deed was written by the plaintiff, bearing date January 25, 1868, and was placed on record by him at the registry of deeds, September 22, 1872. The evidence as to whether Mrs. Atkins did or did not know what she so signed, and whether she was misled by the plaintiff, and induced to sign the deed without understanding or knowing what she was doing, was conflicting.

The defendant contended, among other things, that all he said and published about the plaintiff's obtaining a deed of Mrs. Atkins, without her knowledge, was true and privileged; and, in support thereof, introduced the deposition of Mrs. Atkins, and offered to read the following interrogatory and answer: "State whether or not you ever formed any intention of giving Harriet N. Perry a deed of any of said real estate." Ans. "No it never entered my mind; I never thought of anything of the kind." The plaintiff objected to the answer being read; and the judge excluded it.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the exclusion of this answer, and to other evidence which it is not now necessary to state.

*L. W. Howes,* (*A. C. Clark* with him,) for the defendant.

*A. A. Ranney,* for the plaintiff.

DEVENS, J. The exceptions of the defendant present some questions of difficulty, which need not now be discussed, as upon one ground we are all satisfied that the exceptions must be sustained, and it is probable that the questions referred to may not be presented at any subsequent trial.

It appeared that Mrs. Atkins had signed and acknowledged a certain deed, by which all her real estate was conveyed to Harriet N. Perry, the plaintiff's wife. This deed had been written by the plaintiff, and was afterwards placed on record at the registry of deeds by him. It was important to determine, as to this transaction, whether Mrs. Atkins did or did not know what she thus signed, or whether she was misled by the plaintiff and induced to sign the deed without understanding or knowing what she was doing. Upon this matter the evidence was conflicting. It was not in dispute that she had actually signed the deed, but the contest was as to whether she had done so, knowing what she signed. Had she accompanied the act of signing by a declaration that she understood the deed to be an instrument of different import, as a will, or that it conveyed different property from that described in it, or that the grantee was some person other than the one named, such declarations could have been given in evidence, as they would have tended to show her actual intention, and thus that the act done was not properly her act. So, if Mrs. Atkins was able to testify directly that she never intended to convey the property to Mrs. Perry, and the deed purported to convey it, such evidence tended to show that she had no knowledge of what was contained in the deed.

It is argued by the plaintiff, that the mere intention of Mrs. Atkins was unimportant, as it was a matter that lay within her own mind. This is true if she signed the deed knowing its contents. No concealed intention could affect its validity. But when it was to be determined whether she had signed with this knowledge, the fact, if proved, that she never intended thus to convey her property, bore directly upon the issue. The presiding judge was therefore in error in declining to receive the evidence of Mrs. Atkins, to the effect that it had never entered her mind, and that she had never thought of conveying any of her real estate to Mrs. Perry. Upon this point the

*Exceptions are sustained.*