JOHN DAVIS, administrator, *vs.* LUTHER W. COBURN.

Middlesex.   Jan. 10. — July 24, 1879.   COLT & ENDICOTT, JJ., absent
January 15. — February 26, 1880.

An express trust in personal property may be created and proved by parol.

The statute of limitations does not begin to run in favor of a trustee against his *cestui que trust* until the trustee has repudiated the trust, and knowledge of the repudiation has come home to the *cestui que trust*.

An express trust to keep and invest the money of another involves the duty, on the part of the trustee, to pay over all income received, less a reasonable compensation for services; and, if a trustee mingles trust money with his own, he is liable for at least simple interest.

If the plaintiff, in an action to recover money alleged to have been received by the defendant in trust, puts in no direct evidence of any contract or conditions under which the money was received, but relies upon circumstances, the defendant may testify to the purpose for which he supposed the money was given him, and the understanding with which he received it.

A *cestui que trust* cannot maintain an action at law against a trustee while the trust is still open.

CONTRACT by the administrator of the estate of Frederick A. Coburn. Writ dated February 26, 1877. The declaration contained three counts. The first count was for money had and received to the use of the plaintiff's intestate. The second count alleged that the intestate in 1851 sent from California to the defendant the sum of $2000; that the defendant received the same, and agreed to invest it for the use of the intestate, and afterwards did invest it for the use of the intestate and received interest thereon; that the plaintiff was duly appointed administrator of his intestate's estate and demanded payment of the defendant, who refused to pay the same. The third count was for money lent. The answer, among other defences, set up the statute of limitations. Trial in the Superior Court, without a jury, before *Allen*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff's intestate, who was the brother of the defendant, went from this Commonwealth to California in 1849, and resided there until his death in 1859. The defendant has always resided in this Commonwealth. The plaintiff was duly appointed administrator, and gave the usual bond and notice in September 1874, and in the spring of 1876 made a demand upon the defendant. The plaintiff relied upon evidence tending to prove that the defendant received from the intestate, in 1852, $1000 in gold, which the defendant retained and invested; and introduced no direct evidence of any contract or conditions under which the money was received, but relied upon circumstances to show the character in which the defendant held the money.

The defendant testified that he let the intestate have $100 to pay his passage to California; that the intestate then said to him, that, if he had good luck, he would send him as much more, and that he might send enough more to make the defendant rich; that, in 1852, the intestate sent from California about $1000 by a messenger, who delivered it to the defendant, saying, "Your brother Frederick sent this to you," and, at the same time, handed the defendant a letter from the intestate, saying, "This letter will tell you what to do with it;" that the letter had been in the defendant's possession within about a year; that it was now lost and could not be found, though diligent search

had been made for it; and that the defendant knew and could prove its contents, and had a copy of the letter. But the defendant did not offer to prove the contents of the letter.

The defendant's counsel put to him the following questions: "Did you suppose and believe, when you received the gold, that it was intended to be given to you by your brother in payment of the $100, which he borrowed of you, and in fulfilment of his promise which he made when he borrowed the money?" "And did you so accept it?" "And have you ever since used it in that belief?"

The plaintiff objected to these questions, but not on account of their form, and the judge excluded them.

The judge found that the intestate sent to the defendant $900, to keep and invest for him; that the defendant received the money and invested it in his own name, keeping it separate from other moneys for two or three years, and after that mingling it with his own moneys, in various investments, keeping no separate account of the principal and income, and treating it as his own.

The defendant asked the judge to rule, that the action was barred by the statute of limitations; and that, if the action could be maintained, the defendant could not be charged with interest before the time of the plaintiff's demand. But the judge ruled, that the action was not so barred; that the defendant received the $900 in trust to invest and keep for the intestate; that the cause of action did not accrue against the defendant until the plaintiff's demand upon him; and that the defendant was liable for the $900, and the income received thereon by him to the time of the demand, after deducting proper allowance for his services; and found for the plaintiff in the sum of $2362. The defendant alleged exceptions.

*J. N. Marshall & M. L. Hamblet*, for the defendant.

*G. F. Richardson*, for the plaintiff.

SOULE, J. This case comes to us on exceptions to rulings of the judge before whom it was tried in the Superior Court, on certain matters of law. His findings of fact are not open to revision, but are conclusive; and we cannot consider the question whether they are warranted by the evidence before him and not reported to us.

It was found in the Superior Court that the money, for which with its accumulations, the plaintiff sues, was sent to the defendant to keep and invest for the plaintiff's intestate. It was found, therefore, that it came to the defendant's hands, under an express trust. It remained in his hands without notice from him to the intestate of any repudiation of the trust during the life of the intestate, and no notice of such repudiation was given to the plaintiff till he demanded the money and the defendant refused to pay it. Under these circumstances and findings, it was correctly ruled at the trial that the action, though begun nearly twenty-five years after the money was received by the defendant, and about eighteen years after the death of the intestate, was not barred by the statute of limitations, it having been begun about two and a half years after the plaintiff was appointed administrator, and within two years after he demanded the money of the defendant. Express trusts in personal property may be created and proved by parol; and the statute of limitations does not begin to run, in favor of a trustee against his *cestui que trust*, till the trustee has repudiated the trust, and knowledge of the repudiation has come home to the *cestui que trust*. *Childs* v. *Jordan*, 106 Mass. 321. Perry on Trusts, §§ 86, 863, and cases cited. Ordinarily, no action at law to recover a trust fund lies against a trustee till the accounts have been settled, and it remains only to pay over an ascertained balance, and when, on a demand for the fund, the trustee denies that he is trustee, and asserts that the fund is held in his own right, the right of action accrues, and the statute of limitations begins to run. The trust to keep and invest for the intestate involved the duty to pay over all income received, less a reasonable com pensation for services; so that the ruling asked for by the defendant, that he could not be charged with interest before the time of the plaintiff's demand, was properly refused. The only question which ordinarily arises as to the proper charge in this particular, in cases where a trustee has mingled trust funds with his own and has repudiated the trust, is whether he shall be charged simple interest or compound. The ruling made was sufficiently favorable to the defendant.

The defendant should have been permitted to answer the question put to him and excluded by the presiding judge, as to

his supposition and belief, when he received the money, concerning the intention of the intestate in giving it to him. The whole case turned on the question whether the money was given to the defendant to his own use or in trust. There was no direct evidence of any contract or condition under which it was received. The plaintiff relied on circumstances to show the character in which the money was held by the defendant. It was pertinent, therefore, for the defendant to testify that he supposed the money came to him in payment of the sum which he advanced to the intestate, and in fulfilment of the promise made when he advanced it, and that he accepted it and used it in that belief. The fact that he received a letter with the money, which the messenger said would tell him what to do with it, is not evidence that the letter contained the terms of any trust; and, the contents of the letter not being in evidence from either party, the case stood as if no letter had been written. The defendant was entitled to show, by his own testimony, the purpose for which he supposed the money was sent to him, and the understanding with which he took it, in order to rebut the inference which the plaintiff sought to have the judge draw from the circumstances which he put in evidence. The weight and credibility of the evidence, when in, were for the tribunal which tried the facts. *Perry* v. *Porter*, 121 Mass. 522. On this point, therefore, the presiding judge erred, and the exceptions are                                           *Sustained.*

The case was then tried before *Gardner*, J., without a jury. The plaintiff relied on the second count only; and, in addition to the facts which before appeared, there was evidence that the money was received in the form of gold dust; that the defendant paid $5.00 to the messenger who brought it, and $5.00 for having it coined, and that the intestate, when he went away, was indebted to the defendant in the sum of $100.

The defendant asked the judge to rule as follows: " If the defendant holds the gold dust and its avails in trust, and the plaintiff, as administrator, is entitled to the same, no account having been settled, and the amount due not having been established and made certain, the plaintiff cannot maintain this action at law against the defendant."

The judge declined so to rule ; and found for the plaintiff. The defendant alleged exceptions.

*Marshall & Hamblet*, for the defendant.

*Richardson*, for the plaintiff.

SOULE, J. The plaintiff seeks to recover of the defendant as trustee under an express trust to invest and account for the proceeds of certain gold dust sent to him by the plaintiff's intestate. This trust was found by the judge, who presided at the trial in the Superior Court, to have been created and accepted. But it appeared in evidence that, when the gold dust was received by the defendant, the plaintiff's intestate was indebted to the defendant, and that no account has been rendered of the trust, and no settlement of the amount due under it has been made, either by computation or by adjustment. Under these circumstances, the only remedy for the *cestui que trust* is by a bill in equity. An action at law does not lie in his favor against the trustee while the trust is open. *Johnson* v. *Johnson*, 120 Mass. 465.

When this case was before us on the defendant's former exceptions, this point was made at the argument, but was not considered in the opinion of the court, because it was not properly before us, it not having been made in the Superior Court. A report, appeal or bill of exceptions does not transfer to this court from the Superior Court the case in which the report, appeal or bill of exceptions is made or allowed, but only the questions raised by such report, appeal or bill. Gen. Sts. *c.* 115, § 12. St. 1864, *c.* 111.

The objection to the maintenance of the action was seasonably taken at the last trial in the Superior Court, and was overruled. As the objection was well taken, the refusal to rule in substance. as requested by the defendant was erroneous, and the entry must be                                        *Exceptions sustained.*