## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

BENJAMIN F. BERRY v. ADOLPHUS EVENDON.

Opinion filed September 10, 1904; on rehearing, June 9, 1905.

**Trust — Creation by Parol.**

1. A trust of personal property is not within the statute of frauds, and may be created by spoken words and proved by parol.

**Conversion by Trustee.**

2. Where a trustee of personal property converts it into real estate, the trust attaches to the real estate in the hands of the trustee.

**Suit for Accounting — Judgment.**

3. The defendant foreclosed a real estate mortgage which was held by him in trust for the plaintiff, and thus secured title to the land in his own name. In the trial of an action to compel him to convey the same to the cestui que trust and to account for the rents and profits, it was found that he had sold the land to an innocent purchaser. The trial court entered judgment for the value of the land, and for the value of its use, less certain sums due to the defendant. *Held,* upon a review of the entire case, that the facts found by the trial court are fully supported by the evidence, and that the judgment was proper.

### ON REHEARING.

**Trustee's Liability for the Use of Land.**

4. The mere fact that the defendant had title to the land for three years did not make him liable for the value of the use for that period. He is liable only for the year he actually used it for cropping purposes.

Appeal from District Court, Towner county; *Fisk, J.*

Action by B. F. Berry against Adolphus Evendon. Judgment for plaintiff, and defendant appeals.

Modified.

*Brennan & Gray,* for appellant.

Purchase of property, upon an oral agreement to convey to another upon repayment of the purchase price, does not create a trust. 15 Am. & Eng. Enc. Law (2d Ed.) 1148; Story Eq. Jur., section 1201A; Morton v. Nelson, 32 N. E. 916; Furber v. Page, 32 N. E. 444; Perry v. McHenry, 13 Ill. 227; Levy v. Brush, 45 N. Y. 589; Burden v. Sheridan, 36 Iowa, 125, 14 Am. Rep. 505; Jackson v. Stevens, 108 Mass. 94.

Evidence to establish a resulting trust must be clear, satisfactory and convincing and beyond a reasonable doubt. Corder v. Corder, 16 N. E. 107; Mahoney v. Mahoney, 65 Ill. 406; Koster v. Miller, 37 N. E. 46; Burkhardt v. Burkhardt, 77 N. W. 1069; Richardson v. Haney, 40 N. W. 115; Durfee v. Pavitt, 14 Minn. 424; Furber v. Page, supra; Murphy v. Hanscome, 40 N. W. 717; Little v. Braun, 11 N. D. 410, 92 N. W. 800; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58.

Where an alleged loan from an alleged trustee to the beneficiary is relied on, proof must be beyond a reasonable doubt. 15 Am. & Eng. Enc. Law (2d Ed.) 1149; Jacksonville Nat'l Bank v. Beesley, 42 N. E. 164; Van Bruskirk v. Van Bruskirk, 35 N. E. 383; Green v. Dietrich (Ill.) 3 N. E. 800; Ficket v. Durham, 109 Mass. 419; Towle v. Wadsworth, 30 N. E. 602; Furber v. Page, supra; Bourke v. Callanan, 35 N. E. 460; McGowan v. McGowan, 14 Gray, 119.

Purchase price of the alleged trust property must be paid at time of or prior to the passing of the title. Keith v. Miller (Ill.) 51 N. E. 151; Barger v. Barger (Ore.) 47 Pac. 702; Taylor v. Miles (Ore.) 25 Pac. 143; Burkhardt v. Burkhardt, supra; Jones v. Storms, 57 N. W. 892; Toney v. Wendling, 37 N. E. 598; Ducie v. Ford, 138 U. S. 587, 11 Sup. Ct. Rep. 417.

A contract payable "when party can pay," is a nullity. 3 Am. & Eng. Enc. of Law (1st Ed.) 844; Davie v. Lumberman's Min. Co., 53 N. W. 625; Cummer v. Butts, 40 Mich. 322; Nelson v. Bounhorst, 29 Pa. St. 352; Hall v. First Nat'l Bank, 173 Mass. 16, 53 N. E. 154, 44 L. R. A. 319, 73 Am. St. Rep. 255.

There is a difference in the declarations of a grantee that he holds title for another, and to the effect that another's money was paid for the land. Van Bruskirk v. Van Bruskirk, supra; Donlin v. Bradley, 10 N. E. 11; 1 Perry on Trusts, section 134; Stevenson v. McClintock, 31 N. E. 310.

The admissions of a purchaser are competent to prove the consideration, but are received with great caution and entitled to but little weight. Van Bruskirk v. Van Bruskirk, supra; 1 Perry on Trusts, section 138; 10 Am. & Eng. Enc. of Law (1st Ed.) 30; Lewin on Trusts, section 168; Corder v. Corder, supra; Bragg v. Geddes, 93 Ill. 40.

Where the pleadings are based on the theory of a resulting trust, and express, voluntary or constructive trust is not alleged, the only relief possible is to decree a resulting trust. Davis v. McCullough, 61 N. E. 377; 22 Enc. Pl. & Pr. 127; Gunter v. Janes, 9 Cal. 643; Dunn v. Zwilling, 94 Iowa, 233; Manchester v. Mathewson, 3 R. I. 237; Coleman v. Perran, 43 W. Va. 737.

*Burke & Middaugh,* for respondent.

The payment of the consideration of the trust property by another than the legal grantee may be proven by parol evidence. Tiffany on Real Property, section 230; 1 Perry on Trusts, sections 137, 138; Hoxey v. Carr, 1 Sumn. 173 Fed. Case No. 6802; Osborne v. Endicott, 6 Cal. 149, 65 Am. Dec. 498; Strong v. Messinger, 148 Ill. 431, 36 N. E. 617; Irwin v. Ivers, 7 Ind. 308, 63 Am. Dec. 420; Baker v. Vining, 30 Me. 121, 50 Am. Dec. 617; Dryden v. Hanway, 31 Md. 254, 100 Am. Dec. 61; Depeyster v. Gould, 3 N. J. Eq. 474; Pritchard v. Brown, 4 N. H. 397, 17 Am. Dec. 431; McGinty v. McGinty, 63 Pa. St. 38; James v. Fulcrod, 5 Texas, 512, 55 Am. Dec. 743; Barker v. Logan, 82 Va. 276; Deck v. Tablar, 41 W. Va. 332, 56 Am. St. Rep. 837.

Even where the conveyance recites that it was paid by the grantee. 1 Perry on Trusts, section 137; 2 Pom. Eq. Jur., section 1040; Lewin on Trusts (9th Ed.) 176; Millard v. Hathaway, 27 Cal. 119; Irwin v. Ivers, supra; Boyd v. McLean, 1 Johns. Ch. (N. Y.) 582; Cooper v. Skeel, 14 Iowa, 578; Livermore v. Aldrich, 5 Cush. (Mass.) 481; Depeyster v. Gould, supra; Neil v. Keese, 5 Texas, 23, 51 Am. Dec. 746.

An agreement identical with that implied by law does not cause the trust to be express rather than a resulting one, and excludes

parol evidence. Smithsonian Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. Rep. 396; Corr's Appeal, 62 Conn. 403; Cotton v. Wood, 25 Iowa, 43; Robinson v. Leflore, 59 Miss. 148.

If the purchase price is paid by the legal grantee, or merely on behalf of a third person or actual purchaser, and is a loan to the latter, the legal title being taken by the lender as security, a trust results in favor of such third person, and the grantee has at most merely a lien for the same advanced by him. 1 Perry on Trusts, section 133; Rothwell v. Dewees, 2 Black (U. S.) 1613; Jordan v. Gardner, 101 Ala. 411; Low v. Graff, 80 Ill. 360; Dryden v. Hanway, 31 Md. 254; Kendall v. Mann, 11 Allen (Mass.) 15; Hall v. Congdon, 56 N. H. 279; Baroilhet v. Anspacher, 8 Pac. 804; Walton v. Karnes, 7 Pac. 676; Millard v. Hathaway, supra; Sanfoss v. Jones, 35 Cal. 481; Somers v. Overhulser, 67 Cal. 237, 7 Pac. 645; Hellman v. Messmer, 16 Pac, 766; Hidden v. Jordan, 21 Cal. 93.

All trusts arising by operation of law, whether implied, resulting or constructive, are subject to the statute of limitations. Bobinson v. Stone, 45 L. R. A. 66; Hughes v. Brown, 8 L. R. A. 480; Elmendorf v. Taylor, 23 U. S. 10, 6 L. Ed. 152; Smith v. Clay, 3 Bro. Ch. 640; Houts v. Hoyne, 84 N. W. 773.

## ON REHEARING.

*Brennan & Gray,* for appellant.

Plaintiff must elect whether he will take the profits or the value of the use of the land. Section 4273, Rev. Codes 1899; Leavenworth, etc., R. R. Co. v. Curtan, 51 Kan. 432; Scott v. Nevada, 56 Mo. App. 189; Wright v. Sanderson, 20 Mo. 534; Horton v. Dominguez, 60 Cal. 642.

The agreement involved was either a contract in regard to realty, or involving both realty and personalty, and void unless in writing. Pond v. Sheean, 23 N. E. 1018; 8 L. R. A. 414; Becker v. Mason, 30 Kan. 697, 2 Pac. 850; Fuller v. Reed, 38 Cal. 99; Mather v. Scoles, 35 Ind. 1; Cox v. Peel, 2 Bro. C. C. 334; Carlisle v. Brennan, 67 Ind. 12; Green v. Groves, 109 Ind. 519.

An agreement with the debtor to purchase his land at an execution sale and convey it to him is within the statute. Harrison v. Bailey, 14 S. C. 334; Johnson v. Plotner, 87 N. W. 926; Williams v. Stewart, 25 Minn. 516; Huff v. Shepard, 58 Mo. 242; Schmeling v. Kriesel, 45 Wis. 325; Hollenbeck v. Prior, 5 Dak. 298, 40 N. W. 347; Phillips v. Swenson, 92 N. W. 1065; Veazie v. Morse, 69 N.

W. 637; Cox v. Roberts, 57 N. E. 937; Whiting v. Butler, 29 Mich. 122; Grover v. Buck, 34 Mich. 519; Daniels v. Bailey, 43 Wis. 566.

*Burke & Middaugh,* for respondent.

The defendant is a trustee, and has violated section 4226, Rev. Codes 1899. He is liable under section 4273 of the Comp. Laws for the value of the use of the trust property.

YOUNG, C. J. The plaintiff brought this action to compel the defendant to convey to him 160 acres of land situated in Towner county, and to account for the rents and profits of the same for the years 1898, 1899, 1900 and 1901. The trial court held that, as to the defendant, the plaintiff was entitled to a conveyance, but that this particular relief could not be granted, for the reason that the defendant had conveyed the land to an innocent purchaser. Judgment was entered in the plaintiff's favor for the value of the land, and for the value of the use and occupancy thereof for the years 1898, 1899 and 1900, after deducting certain sums which were found to be due to the defendant. Defendant has appealed from the judgment, and demands a review of the entire case in this court, under the provisions of section 5630, Rev. Codes 1899.

The questions at issue and the grounds upon which plaintiff bases his right to relief will appear from a statement of the substance of the allegations of the complaint. It is alleged that on the 19th day of November, 1896, the plaintiff and defendant entered into an agreement by the terms of which the defendant loaned to the plaintiff the sum of $450, at the rate of 12 per cent per annum, for the purpose of buying from one Julia V. Tucker a mortgage upon the premises in question, which was executed by Michael Rock, mortgagor, to Edmund Kimball, and duly assigned to said Julia V. Tucker; that, to secure the payment of said loan, it was agreed that the assignment of said mortgage was to be made in the name of defendant, Evendon, and that he was to hold the same in trust for the plaintiff, and handle the same for plaintiff, and, if it was redeemed or paid, the proceeds were to be paid to this plaintiff, less the amount due upon his debt to defendant, and, in case the defendant foreclosed the mortgage, it was to be for the plaintiff, and the title to said land was to be held in trust for the plaintiff by the defendant, and upon the payment of the money loaned, with interest, the defendant was to deed the land to the plaintiff; that on August 28, 1897, the mortgage was foreclosed and the land bid in by the

defendant, and he took a sheriff's certificate and subsequently a deed therefor; that plaintiff has tendered the full amount of the money borrowed, with interest, and demanded a deed; that defendant refuses to accept the same, and refuses to deed the land; that the amount tendered was more than the amount due, and that the same was thereupon deposited in the State Bank of Cando to the credit of the defendant, and the defendant notified of said deposit; that the defendant farmed the land in the years 1898, 1899, 1900 and 1901, and raised grain thereon to the value of $4,500; that, under the custom in that vicinity, the plaintiff is entitled to one-third of the crop, amounting to the sum of $1,500. The prayer for relief, in addition to asking for a decree of specific performance, and for an accounting for the rents and profits, asks for general equitable relief. The defendant, in his answer, admits the foreclosure of the mortgage, but places in issue every other allegation of the complaint, and, in an amendment filed during the progress of the trial, alleges that he had sold the land to one C. J. Lord, and that by reason thereof he is unable to specifically perform any such contract as is claimed by plaintiff in his complaint, and that for this reason the plaintiff cannot maintain this action, and that his only action, if there was a valid contract, is for damages, triable to a jury; and he further alleges that plaintiff should not be permitted to recover, for the reason that the defendant did not make or sign any contract or agreement in writing, or any memorandum in writing, binding him to make a conveyance of the premises.

The trial court found the facts to be substantially as alleged in the complaint, and, as to the foreclosure, that in July, 1897, the plaintiff and defendant had engaged the firm of Cowan & McClory to foreclose the mortgage upon an agreement that the land should be bid in at the sale in the name of the defendant, and held in trust by him for the benefit of the plaintiff, and as security for the payment of the $450 loan; that said firm, acting in behalf of both plaintiff and defendant, foreclosed the mortgage and bid in the land in the name of the defendant, but for and on behalf of the plaintiff, and in trust and as security for said loan; that after the expiration of the redemption period the defendant made an affidavit stating that the sheriff's certificate of sale was lost, and, upon such affidavit, obtained a sheriff's deed; that he well knew such certificate was not lost, but was in the office of the said Cowan & McClory; that the affidavit was fraudulently made for the purpose of defeating the rights of this plaintiff. As conclusions of law, the court found that the assignment

of the mortgage to the defendant was made for and on behalf of the plaintiff, and in trust for him, and was held by the defendant as security for said loan; that the certificate of sale on the foreclosure was in fact a mortgage for the payment of said loan; that both as to the assignment of the mortgage and the certificate of sale the defendant was a voluntary trustee for the plaintiff; that as to the sheriff's deed the defendant is a voluntary and constructive trustee for the benefit of the plaintiff; that the plaintiff is entitled to a decree of specific performance upon payment of the amount loaned, with interest, and costs and expenses of the foreclosure, and to rents and profits; that C. J. Lord is an innocent purchaser of the property, and therefore the defendant cannot perform his contract; that plaintiff is entitled to recover the value of the land, together with the rents and profits, and an accounting to ascertain the value of the land and the amount of such rents and profits, and, when ascertained, to judgment therefor. In pursuance of the foregoing conclusions, a stipulation was entered into between the parties that the testimony in reference to the value of the land, and "the value of the use and rents and profits of the same," might be taken by a referee, from whose report the court found the value of the land to be $3,000; that the value of the use and occupancy for the years 1898, 1899 and 1900 was $2.50 per acre—making a total amount of $1,200, which, with 7 per cent interest on said sums to the date of the judgment, amounted to $4,641. The court further found that there was due to defendant from the plaintiff upon the loan hereinbefore referred to, and for costs and expenses incurred in the foreclosure and taxes paid, with 12 per cent interest thereon, the sum of $1,230.29; that after deducting the amount due the defendant, to wit, $1,230.29, from the amount due plaintiff, to wit, $4,641, there is due to plaintiff the sum of $3,410.71, for which sum judgment was rendered.

The defendant contends upon this appeal that the evidence fails to establish the crucial facts which lie at the foundation of plaintiff's cause of action, namely: (1) That plaintiff made a loan from defendant to buy the note and mortgage in question; (2) that the purchase from Mrs. Tucker was for plaintiff; and (3) that the note was delivered and the mortgage assigned to defendant in trust for plaintiff, as well as security for the $450 loan. In our opinion, the evidence not only sustains the findings of the trial court in the above particulars, but is of such convincing character that it leaves no doubt as to the fact. The plaintiff's testimony is consistent, and is corroborated by credible and disinterested witnesses and by docu-

mentary evidence, and by the facts and circumstances surrounding the transaction. That of defendant is without corroboration, and in material particulars is so flatly contradicted by impartial witnesses, and by his own written declaration when the money was sent to Mrs. Tucker, that the district court was fully justified in utterly discrediting his testimony, under the familiar maxim, "Falsus in uno, falsus in omnibus."

The question as to whether the agreement was sufficiently incorporated in a writing to constitute a valid declaration of an express trust in relation to real estate, and, if not, whether a trust in the land resulted by operation of law, is discussed at length by counsel for both parties. In our opinion, the question is immaterial. If the agreement in fact related to a trust in real property, its validity would depend upon section 3385, Rev. Codes 1899, which requires a writing, save in cases where the relation arises by operation of law. But we have no such case. The agreement and declaration of trust in this case related to personal property; i. e., a promissory note secured by real estate mortgage, which was a mere incident of the note. It was not necessary, therefore, to the validity of the trust relation, that it be declared in writing, for it is well settled—and on this there is no difference of opinion—that a trust of personal property is not within the statute of frauds, and may be created merely by spoken words, and proved by parol. Cobb v. Knight, 74 Me. 253; Danser v. Warwick, 33 N. J. Eq. 133; Sturtevant v. Jacques, 14 Allen, 523; Thacher v. Churchill, 118 Mass. 108; Gerrish v. New Bedford, 128 Mass. 159, 35 Am. Rep. 370; Davis v. Coburn, 128 Mass. 377; 1 Perry on Trusts, section 86. "Money secured by mortgages and other charge on real estate is not included in the statute, and may be the subject of a parol trust." 1 Beach on Trusts & Trustees, section 51, and cases cited. So, too, it is well settled that when a trustee of personal property converts it into real estate, as was done in this case, the original trust attaches to the real estate in the hands of the trustee. Cobb v. Knight, supra; 2 Story on Eq. Jur., sections 1258, 1259, and cases cited; also Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739, and cases cited.

Under the facts of this case, the defendant is obliged to respond as trustee to the demands of the cestui que trust by virtue of the original trust relation. His liability as trustee does not necessarily depend upon the agreement made at the time of the foreclosure sale, or upon the circumstances under which he procured the sheriff's

deed, but exists entirely independent of the facts, for it will be noted that this is not a case of a mere pledge; it is more. Under the original agreement the defendant not. only received the note and mortgage as security for the money which he advanced for the purchase, but obligated himself to handle the mortgage for the plaintiff's benefit. The land in question joined plaintiff's farm. The original amount of the mortgage debt was $900, and with delinquent interest amounted to $1,100 at the time of the purchase. Aside from securing the margin of profit in case of a redemption, the plaintiff's primary purpose was to secure the land through the medium of a foreclosure. This was the object of the trust accepted by the defendant when the note and mortgage were placed in his hands. Having accepted the trust, he must respond to the obligations which arise from that relation.

The contention that compensation in money in lieu of specific performance was not authorized in this action, and that plaintiff was confined to an action at law triable to a jury, cannot be sustained. As to the defendant, the plaintiff was entitled to a conveyance. It developed during the trial that the defendant had conveyed the land to an innocent purchaser, and for that reason alone specific performance could not be made effective; but the court had properly assumed jurisdiction of the action, and it was entirely proper to give relief by way of compensation under the prayer for general relief. Whether, in any event, an action at law could have been maintained upon the facts of this case, we do not determine. See Davis v. Coburn, 128 Mass. 377, 382; Johnson v. Johnson, 120 Mass. 465.

The award for the value of the use of the land while the title was in the trustee was proper, under section 4273. The plaintiff had the option to recover the profits which the defendant obtained from the land, or the value of its use. The trial court awarded the latter, and the evidence, in our opinion, supports the award. The defendant retained the title for more than three years before consummating the sale and transferring title to Lord. The fact that defendant did not crop the land each year is not material, for the basis of the award is not profit obtained, but the value of the use.

In our opinion, the facts found by the trial court are fully sustained by the evidence. The judgment was proper, and will be affirmed. All concur.

## *ON REHEARING.*

YOUNG, J. A rehearing was ordered as to the amount awarded to the plaintiff for the value of the use of the premises. The trial court found, from the testimony taken before the referee, "that the value of the use and occupancy of the land for the years 1898, 1899 and 1900 was $2.50 per acre, making a total value for all of said years of the sum of $1,200;" and we approved the finding upon the theory that the defendant was liable for the value of the use of the land after he had obtained the sheriff's deed, and until he sold it to Lord, whether he farmed it or not. We are convinced that in this we were in error. The defendant had title for approximately three years, but he used the land for cropping purposes only one year. The fact that he had acquired title, and held it in trust, did not obligate him to farm the land. He could not use the property for his own benefit, and, if he did, he was liable for its use. But he could refrain from using it without incurring any liability. The estimate of $2.50 per acre is for a cropping season, the land having no other value than for cropping purposes. Defendant did not crop it in 1898. In fact, he did not get the sheriff's deed until the cropping season had closed. He summer-fallowed the land in 1899, and did not crop it, but did crop it in 1900. The sale to Lord was made early in the next year.

The judgment must therefore be reduced to the extent of the amount allowed for the years 1898 and 1899, to wit, $800, and as thus modified it will be affirmed. Appellant will recover his costs in this court. All concur.