Henry COMSTOCK, Plaintiff,

v.

PFIZER RETIREMENT ANNUITY PLAN, et al., Defendants.

Civ. A. No. 79–1189–S.

United States District Court, D. Massachusetts.

Sept. 23, 1981.

Mark Coven, Boston, Mass., for plaintiff.

John H. Mason, Ropes & Gray, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff, Henry Comstock, brings this action on behalf of himself and all those similarly situated against defendants, Pfizer Retirement Annuity Plan ("Pfizer RAP"), Northern Trust Company, Retirement Committee of the Pfizer Retirement Annuity Plan ("Retirement Committee"), and Donald C. Lum, alleging a violation of § 404 of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104. Plaintiff also alleges violations of state law. Specifically, plaintiff alleges that defendants have failed to administer the Pfizer RAP for the sole and exclusive benefit of plaintiffs by failing to award them credit for prior service in computing the amount of benefits due them.

Defendants moved to dismiss this case under Fed.R.Civ.P. 12(b)(1), (2) and (6), claiming that this court lacks personal and subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted.

### A. *Facts.*

Henry Comstock was employed by the New England Lime Company ("NELCO") from March 15, 1939 until October 18, 1961 when NELCO was acquired by Charles Pfizer Co. ("Pfizer"). Following Pfizer's acquisition of NELCO, plaintiff continued to work for Pfizer until he retired on January 1, 1973. In determining plaintiff's retirement benefits under the Pfizer RAP, defendants gave him credit for his prior service with NELCO for purposes of computing length of service and vesting. However, he was not given the same credit for the purpose of computing the amount of benefits due him.

On June 26, 1975, the Pfizer Board of Directors decided to count prior NELCO employment for purposes of determining actual benefits to employees who retired after June 30, 1975, but they did not make this amendment retroactive. On September 14, 1977, plaintiff's attorney contacted Pfizer regarding the denial of benefits. On September 11, 1978, defendant notified plaintiff that he would not be given credit for the time he was employed by NELCO in computing the amount of his pension benefits.

### B. *ERISA Claims.*

Section 502 of ERISA, 29 U.S.C. § 1132 provides that civil actions may be brought in federal district court by beneficiaries of

employee retirement plans to recover, *inter alia*, "benefits due to [them] under the terms of [their] plan" or to enjoin "any act or practice which violates any provision of this subchapter or the terms of the plan." This section is applicable, however, only where the cause of action arose or the acts or omissions complained of occurred on or after January 1, 1975.[1] 29 U.S.C. § 1144(b)(1). Our Court of Appeals has issued two recent opinions on the question of when a cause of action arises so as to bring it within the jurisdiction conferred by ERISA. The first was *Cowan v. Keystone Employee Profit Sharing Fund*, 586 F.2d 888 (1st Cir. 1978). *Cowan* involved an amendment to a profit-sharing plan favorable to employees adopted November 4, 1974 and applicable to employees leaving after December 31, 1974. Cowan was fired November 19, 1974; the final payment of his benefits occurred January 2, 1975. Affirming the dismissal of his ERISA claim challenging his exclusion from the amendment's coverage, the court held that his claim arose in 1974 and, notwithstanding the fact that payments continued into 1975, it did not come under ERISA.

*Quinn v. Country Club Soda Co.*, 639 F.2d 838 (1st Cir. 1981) went a step further. In *Quinn*, the employer's benefit plan was adopted in 1960. Quinn was excluded from the plan from the beginning. He retired in 1976 and claimed benefits under the plan. The court held that even though his cause of action arose after January 1, 1975, he was challenging "acts or omissions" occurring before that date and ERISA did not apply.

■ In the instant case, the "act or omission" which gives rise to this cause of action was defendants' failure to award plaintiff credit for his employment at NELCO for purposes of computing the amount of his pension benefits under the Pfizer RAP. Because this act occurred in 1973, plaintiff is barred from bringing this suit under ERISA.[2]

■ Moreover, plaintiff may not base his claim upon Pfizer's 1975 nonretroactive decision to count prior NELCO service in computing benefits for employees who retired after June 30, 1975. 29 U.S.C. § 1053(a) provides in part: "Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age. . . ." Because of defendants' 1973 decision to disallow credit for NELCO service, however, plaintiff had no vested interest in benefits which may have accrued therefrom. Having no vested interest, Pfizer's decision to extend credit to those retiring after June 30, 1975 but not to make the amendment retroactive worked no forfeiture of plaintiff's vested rights. He therefore may not base his claim upon the violation of this section.[3]

Plaintiff's claims under ERISA are therefore dismissed.

### C. State Law Claims.

#### I. Personal Jurisdiction.

##### (a) Lack of Capacity.

■ Defendants claim that they lack the capacity to be sued. On state law

---

**1.** This section provides that:
   This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.

**2.** Plaintiff's contention that a new cause of action arises under ERISA every time he receives a benefit less than that to which he feels he is entitled is untenable. *Martin v. Banker's Trust Co.*, 565 F.2d 1276 (4th Cir. 1977) (rejecting claimant's contention that failure to pay benefits allegedly called for under a plan was a "continuing violation" which allowed him to bring an action under ERISA even though his employment had been terminated before the

statute's enactment). Equally unavailing is his argument that Pfizer's response in 1978 to the inquiry from plaintiff's attorney constituted a final and firm denial so as to give rise to a cause of action. *Morgan v. Laborers Pension Trust Fund*, 433 F.Supp. 518, 523 (N.D.Cal. 1977) (plaintiff cannot invoke ERISA merely by reapplying and having his application denied on the same grounds).

**3.** Plaintiff's attempted reliance on 26 U.S.C. § 411(d)(1)(A) is misplaced because he does not allege discrimination in favor of "employees who are officers, shareholders or highly compensated."

claims, capacity is determined by state law. Fed.R.Civ.P. 17(b). Except where lack of capacity affirmatively appears on the face of the complaint, *Klebanow v. N.Y. Produce Exchange*, 344 F.2d 294, 296 n.1 (2d Cir. 1976), the defendant must show it by a specific negative averment in a responsive pleading. Fed.R.Civ.P. 9(a). Defendants' assertion that Comstock has not "alleged any facts tending to show capacity" is therefore irrelevant.

■ On the face of the complaint, the only party that apparently lacks capacity to be sued is the Retirement Committee of the Pfizer RAP. The Committee appears to be an unincorporated association and therefore not subject to suit under Massachusetts law. *Save the Bay, Inc. v. D.P.U.*, 366 Mass. 667, 675, 322 N.E.2d 742, 750 (1975). The suit against the Retirement Committee is therefore dismissed with leave to amend to join the Committee members, the amendment to relate back to the date of the original pleading. Fed.R.Civ.P. 15(c).

(b) *Service of Process.*

■ Defendants further allege insufficient service of process. Fed.R.Civ.P. 4(d)(7) allows service "in the manner prescribed by the law of the state in which the district court is held. . . ." Defendants were served outside Massachusetts. Massachusetts General Laws c. 223A, §§ 4 and 6 allow extraterritorial service "when the exercise of personal jurisdiction is authorized by this chapter." The Massachusetts long-arm statute, M.G.L. c. 223A, § 3 allows personal jurisdiction

> over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth . . .

The long-arm statute confers jurisdiction to the constitutional limit. *Good Hope Industries, Inc. v. Ryder Scott Co.*, Mass.Adv.

Sheets (1979) 1155, 378 Mass. 1, 389 N.E.2d 76 (1979). Because the Pfizer Plan provided coverage for the employees at a Massachusetts plant, those in charge of the plan necessarily had to administer its provisions to some extent in Massachusetts. In my opinion, such activity constitutes doing the business of the trust and warrants "long-arm" jurisdiction under M.G.L. c. 223A, § 3(a).

II. *Subject Matter Jurisdiction*

■ Plaintiff alleges two claims under state law, violation of an express trust agreement and breach of the trustee's fiduciary duty, and invokes this court's diversity jurisdiction. 28 U.S.C. § 1332. Rule 8(a) Fed.R.Civ.P. requires "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." In the case of diversity jurisdiction, diversity must be complete; i. e., no two parties on opposite sides of the "versus" may be citizens of the same state. Plaintiff has not sufficiently alleged the citizenship of the parties to demonstrate the requisite diversity.[4] The plaintiff's complaint is dismissed with leave to amend his complaint to properly allege jurisdiction.

III. *Statute of Limitations.*

■ Defendants' final argument is that this suit is barred by the statute of limitations. The parties both agree that the applicable limitations period for an action on an express trust is six years and begins to run "when the trustee has repudiated and knowledge of that repudiation has come home to the beneficiary." *Kearney v. Mechanics National Bank*, 343 Mass. 699, 703, 180 N.E.2d 667 (1962). A Rule 12(b)(6) motion may be made, without supporting affidavits, on the ground that the statute of limitations has run, if such appears on the face of the complaint. *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958). The motion will not be granted, however, when the

---

4. A corporation is a citizen of both its place of incorporation and principal place of business. 28 U.S.C. § 1332(c). A complaint must show both. *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423 (9th Cir. 1973); *Moore v. Sylvania*

*Electric Products, Inc.*, 454 F.2d 81, 84 n.1 (3d Cir. 1972). In addition, he has not alleged the citizenship of Donald C. Lum or the members of the Retirement Committee.

complaint, liberally construed, indicates that the plaintiff may be able to prove facts that would either avoid or toll the limitation. Comstock alleges that his application was "finally and firmly denied" in 1979. Construing the complaint liberally, plaintiff may be able to show that the 1973 denial was equivocal, with no "clear and continuing repudiation of the right to trust benefits," *Kosty v. Lewis*, 319 F.2d 744, 750 (D.C.Cir.1965) in which case the statute began to run only when there was such a repudiation. *Kearney v. Mechanics National Bank*, 343 Mass. 699, 703, 180 N.E.2d 667, 670 (1962). Moreover, even if there were an initial repudiation, defendants may be estopped from asserting the statute of limitations by their subsequent conduct. *Valle v. Joint Plumbing Industry Bd.*, 623 F.2d 196, 202 n.10 (2d Cir. 1980). Under Massachusetts law, a defendant may be so estopped if he induces the plaintiff to delay bringing his action. *Knight v. Lawrence*, 331 Mass. 293, 295, 118 N.E.2d 747, 748 (1954). Plaintiff's "final denial" allegation prevents me from granting defendants' motion to dismiss the state claims on the ground that they are barred by the statute of limitations.

D. *Summary.*

So much of the complaint as alleges a violation of ERISA, 29 U.S.C. § 1104 is DISMISSED.

The complaint is DISMISSED with respect to Committee of the Pfizer Retirement Annuity Plan, with leave to amend within thirty (30) days to substitute the individual members of the Committee, provided, however, that they are shown on the face of the complaint to be citizens of states other than Massachusetts.

The complaint is DISMISSED with respect to the claim under state law, with leave to file an amended complaint setting forth the citizenship of the parties with sufficient particularity to permit a determination of the existence of the requisite diversity to establish federal jurisdiction. Such amended complaint must be filed within thirty (30) days.