# John McFarland

*v.*

# Alexander H. Dey.

1. Assignment—*by trustee in deed of trust.* The assignment of a deed of trust and the note secured thereby, by the trustee, having no interest in the trust, will not invest any interest or title in one not beneficially interested in the trust. It will not have the effect of a sale or conveyance by the trustee made pursuant to the terms of his deed.

2. Secondary evidence—*affidavit of loss by person not a party, inadmissible.* It is error to receive the affidavits of persons not parties to the suit, and who are competent witnesses in the case, to prove the loss of the instrument sued on, so as to admit secondary evidence of its contents.

3. Same—*contents of lost note can not be shown by affidavit.* Affidavits are not admissible to prove either the contents of a lost note or the fact of its assignment. They are admissible only to lay the foundation for the introduction of secondary evidence.

4. Assignment—*when party seeking to foreclose deed of trust as assignee must prove assignment.* On bill to foreclose a deed of trust by one claiming as assignee of the debt secured, against one claiming title under a prior deed made by the grantor in the trust deed, where the assignment of the debt is denied in the defendant's answer, it is incumbent on the complainant to prove his interest in the debt by showing the assignment thereof as alleged by him.

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

This was a bill in equity, by Alexander H. Dey, against John McFarland and others, to foreclose a deed of trust given by John C. Fitnam to one Hollis M. Hale, to secure the payment of a note of the grantor to Henry W. Chandler of $346.68, treating the same as a mortgage, and to set aside a release of the same made by the trustee.

On the 8th of April, 1857, John C. Fitnam, being the owner of the premises sought to be sold, conveyed the same to Mary Sullivan, but her deed was not recorded until March 16, 1859, and after the execution and recording of the deed

of trust. On February 20, 1859, Mary Sullivan conveyed the premises to Henry Seely, and on June 3, 1868, Seely and wife sold and conveyed the same to John McFarland, one of the defendants. On October 21, 1857, Fitnam, being indebted to Henry W. Chandler in the sum of $346.68, gave him his note for that amount, payable six months after date, and, to secure its payment, executed to Hale a deed of trust upon the same premises.

After the maturity of the note, which was claimed to have been lost in the mails, the trustee, on proper notice, offered the land for sale under the power in the deed of trust, and it was struck off to one James H. Ely for $900, but Ely failing to make payment no deed was made to him. The latter, and one William Leighton, who claimed to be the agent of the owner of the note, undertook to sell and assign the note to Dey, the complainant, and upon this the trustee assigned the trust deed to Dey.

Afterwards, Hale supposing that the note was paid, released the legal title to Fitnam. The court below decreed in accordance with the prayer of the bill, and the defendant McFarland appealed.

Mr. G. C. LANPHERE, for the appellant.

Messrs. MILLER & FROST, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is alleged in the bill, but denied in the answer, that the note, to secure the payment of which the deed of trust in controversy was executed, was assigned by Chandler, the payee, to Bonnell, and by him to Leighton. The assignment by Leighton to the complainant could invest no interest or right which Leighton did not have. The assignment by Hale, who was but a naked trustee, without any interest in the trust, could invest no interest or title in one who was not

beneficially interested in the trust. The case is, in this respect, different from a sale or conveyance by a trustee pursuant to the terms of his deed. The complainant does not claim as a purchaser at the trustee's sale, by virtue of a deed from the trustee, but merely as assignee of the debt and deed of trust.

We are, therefore, of opinion that it was material to prove that the note was assigned by Chandler to Bonnell, and by Bonnell to Leighton. This would have been sufficiently proved by the production of the note with the proper indorsements; but, as it was claimed the note was lost, secondary evidence of the fact was admissible, if the proper foundation was laid.

No affidavit or proof of the loss of the instrument was made, except the affidavits of Chandler and Bonnell, made some ten years before the filing of the bill. Waiving the question whether an affidavit made so long anterior to the commencement of a suit can be received as sufficient evidence of the loss of an instrument, to authorize parol evidence of its contents to be received, we come to the more important question, were these affidavits made by persons from whom such an affidavit can be received? Chandler and Bonnell are not parties to the suit; and, as the assignment by Leighton and Hale was made without recourse, we do not perceive that they are, in any way, interested in the result. They were, when the case was tried, unquestionably competent witnesses. Under the rule recognized in *Becker et al.* v. *Quigg*, 54 Ill. 390, then, it was error to receive their affidavits.

But, beyond this, even if the affidavits had been properly received as competent evidence of the loss of the note, this would not have rendered them competent to prove either its contents or the fact of the indorsements. They, at most, but laid the foundation for the introduction of secondary evidence for this purpose. We are unable to find any legal evidence that the note was indorsed. Hale's testimony is but hearsay, and, even if sufficient to show an indorsement from Chandler

to Bonnell, does not show an indorsement from Bonnell to Leighton. But it was not sufficient for either purpose. He had seen a letter, which he first testifies was from Bonnell, but, on reflection, he corrects himself, and states it was from Chandler, saying that the note belonged to Bonnell, etc., and this is all that he knows upon the subject. The genuineness of the letter is not even proved.

We are unable to perceive how the complainant has any interest in this property, save that which he has as assignee of the debt. That interest being denied, it was incumbent on him to prove it. If, indeed, McFarland relied solely on his deed from Ely, we might hold that he was estopped from denying the existence of the debt, and the sufficiency of the proof of the assignment to the complainant; but he does not do so. He relies, also, on a title derived from Mary Sullivan, which, he claims, is paramount to the deed of trust.

There is no evidence which shows that Mary Sullivan, or those claiming in her right, are estopped from questioning the right of the complainant to proceed in this way. So far as appears from the evidence, the title derived through her is good, at all events, against every one except the person who has the legal right to control the debt secured by the deed of trust. We express no opinion upon the subject whether Chandler and Hale took the deed of trust with knowledge of Mary Sullivan's title. As the case. must be remanded, for the reason stated, additional evidence may be taken on that point, also, which will have the effect of removing any doubt upon the question.

The decree of the court below is reversed, and the cause remanded, with leave to introduce such additional competent evidence as the parties may elect.

*Decree reversed.*