## CAMPBELL V. EQUITABLE LOAN & TRUST CO. OF VOLGA.

Comp. Laws, § 3303, provided that conveyances of land in the adverse possession of another were void as to the person in possession. Section 4870 provided for an action by the grantee in the name of the grantor to recover land in the adverse possession of another at the time of the grant. Laws 1899, p. 144. c. 109, repealed all conflicting acts, and provided that the grantee of such lands should have the same right of action for the recovery thereof as if the grantor had been in actual possession at the time of the conveyance. Held, that the section last cited effected merely a change in practice, disturbed no vested rights, and an action could be maintained thereunder by a grantee of lands possessed adversely to his grantor at the time of the grant, although the deed to him antedated the passage of the act.

HANEY, P. J., dissenting.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Day county.   Hon, J. H. Mc-Coy, Judge.

Action by John Campbell against the Equitable Loan & Trust Company of Volga.   From an order denying a motion for a new trial, plaintiff appeals.   Reversed.

*Davis, Lyon & Gates,* and *Alley & Anderson.* for appellant.

Statutes regulating the procedure of the Courts, where no vested rights are involved, will be construed as applicable to causes of action already accrued.   Black on Intr. of L., 265;

Judkins v. Taffe 27 P., 221, 222; Judd v. Judd 84 N. W., 134, 136; People v. Spicer, 99 N. Y., 225, 233; Tompkins v. Forrestal, 55 N. W., 813; Osborne v. Lindstrom 81 N. W., 72; Town of Guilford v. Cooley, 58 N. Y., 116, 120; Kille v. Reading Iron Works 19 Alt., 547; Chapman v. State, 38 P., 457, 459; Rosenthal v. Wehe, 58 Wis., 621, 17 N. W., 318; Sturgis v. Hull, 40 Vt., 302; Tilton v. Swift, 40 Ia., 78, 80.

*Hall & Roddle,* for respondent.

A statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively.    Cooley Const. Law, 456; Skinner v. Holt 9 S. D. 427.

FULLER, J.    This appeal is from an order overruling a motion for a new trial in an action instituted October 4, 1899, by appellant, in his own name, to determine adverse claims to five distinct tracts of real property situated in Day county. Appellant relies wholly upon a conveyance to himself obtained from the general owner of the property at a time when respondent was in actual adverse possession under certain tax deeds and sections 3303 and 4870 of the Compiled Laws were in full force.    While appellant's deed passed all the right, title, and interest of his grantor, it was an absolutely void instrument, under section 3303, as to respondent in adverse possession, and the only remedy for the recovery of the land at that time was by an action against respondent in the name of such grantor, but for the exclusive use and benefit of appellant. In recognition of the rights of such a grantee and this construction of section 3303, and to provide a remedy for purchasers who have thus succeeded to all the rights of their grantors,

section 4870 was enacted, as follows: "An action may be maintained by a grantee of land in the name of a grantor, when the grant or grants are void by reason of the actual possession of a person claiming under a title adverse to that of the grantor at the time of the delivery of the grant. and the plaintiff shall be allowed to prove the facts to bring the case within this provision." The grant being good as to all the world except the corporation in adverse possession, and good as to it if so adjudged in an action in the name of the grantor for the use of the grantee, no vested right of respondent was invaded or impaired by changing the procedure, after such deed was executed, and before the commencement of this action, so that "the grantee or grantees shall have the same right of action for the recovery thereof, and shall in all respects derive the same benefit and advantage therefrom, as if the grantor or grantors had been in the actual possession at the time of executing the conveyance. All acts and parts of acts in conflict with the provisions of this act are hereby repealed." Chapter 109, p. 144, Laws 1899. If appellant's grantor owned the property at the time he executed the deed, it is clear from section 3303, when construed as it must be with section 4870, that the equitable ownership passed directly to him, and, in order to validate the grant, which in a strictly legal sense conveyed no right or title as against respondent in adverse possession, it was only necessary for him to maintain in the name of his grantor precisely such an action as he may now institute in his own name to confirm all the rights of a fee-simple owner. The substitution of the real party in interest for a nominal party concerns only a matter of practice, entirely consistent with the reformed tendency of the courts, and no vested right of appellant is disturbed by the operation of the later statute.

17 S. D.—3

Nothing appears to be more firmly grounded upon reason and authority than the proposition that statutes relating merely to the mode of procedure are remedial in character, and applicable to prior as well as subsequent causes of action. At page 313 of 55 N. W. (Tompkins v. Forrestal) the Supreme Court of Minnesota, in a headnote to its decision of the point here under consideration, states the prevailing doctrine thus: "Statutes which change the rule as to parties necessary to the determination of controversies will take effect upon prior as well as subsequent contracts or transactions, and the actions arising therefrom." In North Carolina, while a statute like our section 3303 was in force, land was conveyed while in the adverse possession of the defendant, and in an action like this by the grantee to recover the same that court, in disposing of the point on appeal, say: "This objection is answered by the act of 1874-75, p. 343, c. 256, which was in force when the suit was begun, and provides that an action may be maintained by a grantee of real estate in his own name whenever he, or any grantor, or other person, through whom he may derive title, might maintain such action, notwithstanding the grant of such grantor or other conveyance be void by reason of the actual possession of a person claiming under a title adverse to that of such grantor or other person at the time of the delivery of such grant or other conveyance." Osborne v. Anderson, 89 N. C. 261. Among the many cases applying this well-recognized principle are the following: Tilton v. Swift & Co., 40 Iowa, 78; Kille v. Iron Works (Pa.) 19 Atl. 547. The case of Frum v. Weaver, 13 S. D. 457, 83 N. W. 579, was instituted and prosecuted to judgment in the trial court during the year 1898, and was submitted on appeal before chapter 109, p. 144,.

Laws of 1899, became effective. In that case the complaint was held sufficient on demurrer although it alleged that the defendants were in possession under a tax deed adverse to plaintiff's grantor at the time his title was obtained, and, the point not being raised, this court did not and was not called upon to determine the effect of chapter 109 here relied upon. The statute of 1899 in no manner impairs the rights or liabilities of either party to this suit, but merely obviates the necessity of bringing the action in the name of one who could show no title in himself, and whose recovery would inure to appellant, as the real and only party interested in the controversy. The order appealed from is reversed, and a new trial granted.

HANEY, P. J., dissenting.