BROWN, Respondent, v. HALL, et al., (Hoar, Appellant),

(142 N. W. 854.)

1. **Mortgage—Mortgage in Trust—Assignment—Rights of Assignee.**

A note payable to a trustee, and a mortgage in trust for the beneficiary, party of the third part, belong to the trustee as legal owner, and an assignment of both the note and mortgage by the trustee, together with an indorsement of the note by the beneficiary, pass the interest of the beneficiary in the note and mortgage, to the assignee.

2. **Trusts—Trusts in Real Estate—Title, or Estate, of Trustee.**

If the instrument in question, being one purporting to convey realty to a trustee in trust for a beneficiary therein, is regarded as creating a trust in realty, within Civ. Code, Sec. 2044, providing in substance that a transfer of an interest in property, other than in trust, and made only as security, is a mortgage, **held,** that no title or estate would have been vested in the trustee therein under Sec. 308, Civ. Code, providing that an express trust relating to real property, created for purposes other than those enumerated in preceding sections concerning express and resulting trusts, vests no estate in the trustee.

3. **Mortgages—Trusts in Personalty—Estate in Trustee.**

An instrument whereby the maker of a note, payable to a trustee, conveys realty to the trustee to secure the note, which provides for payment of the note to a beneficiary named therein as party of the third part, and that foreclosure by advertisement or in court may be had on default, is a mortgage, and the note and mortgage are personal property, in which a trust may be created under Sec. 1612, Civ. Code, notwithstanding Sec. 308, providing that when an express trust is created for certain purposes, no estate vests in trustee; as that section refers only to realty; and the legal title under the instrument is in the trustee, and is assignable by him.

4. **Same—Power of Sale—Power in Trust—Assignee of Power—Statutory Auctioneer.**

A mortgage in trust given by the maker of a note, payable to a trustee, providing that the mortgage may be foreclosed by action or advertisement, and that the trustee, or his successor, or his duly appointed attorney, may sell the premises and convey same to the purchaser in fee simple, confers a

power of sale under Sec. 336, Civ. Code, which provides that power of sale given to a mortgagee vests in any person who, by assignment, becomes entitled to the money secured by the mortgage; and such power is a power in trust relating to real property, and the power of sale passes to an assignee of the note and mortgage; but, in view of Laws 1891, Ch. 84, the sale can only be made by the sheriff.

5.　**Constitutional Law—Impairing Obligation of Contract—Sale Under Foreclosure—Successorship Under Mortgage in Trust.**

A statute which modifies the law authorizing a sale on mortgage foreclosure by advertisement or action, so as to deprive the person designated in the mortgage of the power of sale, and lodges such power solely in the sheriff or his deputy, acts merely on the remedy, and does not impair the obligation of an existing mortgage, empowering persons designated therein to make a sale.　Held, further, that, therefore, the question whether the power of sale was personal to a trustee, or his successor in trust, designated in the mortgage, or whether the power passed by assignment of the mortgage to the assignee, is unimportant, the only question of trust and confidence being between the party of the third part, beneficiary, and the party of the second part, trustee.

6.　**Mortgages—Payment—Payment to Mortgage Trustee—Satisfaction.**

Payment of a note secured by mortgage, conveying realty to a trustee to secure the debt, followed by satisfaction of the mortgage executed by the trustee without surrender of the note and mortgage, terminates the liability of the debtor, wherever the circumstances amount to an estoppel against the security holder, even though such payment was made to the trustee.

7.　**Mortgage Trust—Extinguishment of Trust by Foreclosure—Discharge of Trustee.**

Where a note, payable to a mortgage trustee, and a mortgage conveying realty to him to secure a debt due from the maker of the note and mortgage, were assigned by the trustee to an assignee, who for default in payment of the debt foreclosed the mortgage, and the sheriff executed a deed to the purchaser, the trust created by the mortgage was extinguished within Secs. 1648, 1651, Civ. Code, providing that a trust is extinguished by fulfillment of its object, and that a trustee is discharged by execution of the trust; and the purchaser acquired the legal title free from any trust.

Polley, J., dissenting.

(Opinion filed July 19, 1913.　Rehearing denied August 28, 1913.)

Appeal from Circuit Court, Butte County.　Hon. WILLIAM G. RICE, Judge.

Action by Thomas Brown against Prescott F. Hall and another, to quiet title to real property as against defendants claiming under foreclosure of a mortgage in trust executed by plaintiff; the defendant and appellant, Blakely Hoar, counterclaiming on the foreclosure title. From a judgment for plaintiff, and from an order denying a new trial, defendant Hoar appeals. Reversed, and a new trial ordered.

*Schrader & Lewis,* and *Dan McCutchen,* for Appellant.

The mortgage was signed by the mortgagee as required by law.

The bond was given to W. W. McDonald, trustee, who was the payee named therein.

In the mortgage the plaintiff Thomas Brown was named as the party of the first part; W. W. McDonald, trustee, the payee named in the bond, as party of the second part; and Western Loan & Trust Company party of the third part. The grant of the premises and power of sale was to W. W. McDonald, trustee, party of second part and his successors and assigns.

The assignment of the mortgage was duly made in writing by W. W. McDonald, trustee, only to J. Emory Hoar, and duly recorded.

Under our statute W. W. McDonald, trustee, being also the payee in the bond, became the trustee of an express trust and owned both bond and mortgage absolutely. Both bond and mortgage could be foreclosed or conveyed by such trustee alone. In fact what remained to be conveyed after the assignment of the debt and mortgage by W. W. McDonald, trustee? The principal bond was endorsed by both the trustee and corporation to J. Emory Hoar. The endorsement being made on his own behalf by W. W. McDonald, trustee, also Western Loan & Trust Company by W. W. McDonald, president.

In an ordinary tripartite mortgage, where the party of the third part is also the payee in the bond secured, the trustee has the power to release the mortgage, and such cancellation is good against innocent purchasers without notice, even though the beneficiary loses his security. Pickford v. Peebles, 7 S. D. 166; Robeson v. Dunn, 17 S. D. 310; Langmarck v. Keith, 19 S. D. 351; McVey v. Tousley, 20 S. D. 263.

The mortgage provides: "It is also agreed that this mortgage may be foreclosed by action or by advertisement as provided in chapter 28 of the Code of Civil Procedure of the Revised Code of Dakota of 1887, and the amendments thereto. And this paragraph authorizes and constitutes the power to sell as provided in said chapter." This provision authorizes the foreclosure of the mortgage by advertisement and a sale of the property by the sheriff. Male v. Longstaff, 9 S. D. 389; Sec. 336 Civil Code.

McDonald, trustee, is the person in whose name a contract was made for the benefit of another, and in law the trustee of an express trust. In such case the beneficiary has no legal interest and is not a necessary party to an action to foreclose. Sec. 82 Code Civ. Proc.; Lewis v. St. Paul & M. R. R. Co., 5 S. D. 148; Vance v. Lane, (Ky.) 82 S. W. 297; Tanter v. Abramis, (Neb.) 107 N. W. 225; Watkins v. Bryant, (Cal.) 27 Pac. 775; Black v. Groger, (Cal.) 23 Pac. 706; Chicago Land Co. v. Peck, 112 Ill. 408.

*R. P. Stewart,* and *J .M. Hodgson,* for Respondent.

The mortgage in question (Exhibit G) attempts to create an express trust in real property, or make a man trustee of a mortgage, contrary to the provisions of the statutes of his state: Secs. 305, 306, 308, 317, 336, 348, Civ. Code.

McDonald, as trustee, had no estate or interest in the mortgage, or the property, or the debt secured thereby, but simply had conferred upon him or his successor in trust, who was named, a special power in trust, or naked power of sale, to foreclose the mortgage by advertisement and make a sale of the property in accordance with the statutory provisions of chapter 28 of the Code of Civil Procedure.

Under this mortgage the payee of the bond, or original owner of the indebtedness, is the mortgagee. McVay v. Tousley et al., 20 S. D. 263.

The note and mortgage were never assigned or transferred by the mortgagee, the Western Loan & Trust Company, and the attempted assignment by McDonald, the foreclosure proceedings by his assignee J. Emory Hoar, and the deed from J. Emory Hoar to the defendant and appellant in this action, had no other effect that to subrogate appellant to the rights of the Western Loan & Trust Company under the mortgage. Civ. Code, Sec. 308.

The trust that appellant asserts was created by the mortgage in question was not an express trust valid in its creation (Rev. Civ. Code, Sec. 305, Comp. Laws, Sec. 2797), and was therefor valid only as a special power in trust, and vested in McDonald, trustee, only the naked power to sell the premises mortgaged under foreclosure proceedings by advertisement.

McDonald had no right to assign this mortgage, and thus select another trustee to exercise the power of sale without the consent of the parties who selected him.   Gindrat v. Montgomery Gas Light Co., (Okla.) 2 So. 327; Barber v. Cary, 11 N. Y. 397; 31 Cyc. 1116; 1 Perry on Trusts, Sec. 287; Sec. 296 of the Civil Code; Brown v. Comonow, (N. D.) 114 N. W. 728.

This is not a power coupled with an interest.   The statute explicitly devests the trustee or donee of all interest in the subject matter of the trust.

GATES, J.   On January 9, 1888, respondent, Thomas Brown, borrowed $500 from the Western Loan & Trust Co., giving his note for that amount, secured by a mortgage on a quarter section of land in Butte county.   The note was made payable to W. W. McDonald, trustee, and bore interest at the rate of 7 per cent. per annum, payable semi-annually, evidenced by 10 interest coupons, In the mortgage respondent was named as the party of the first part, W. W. McDonald, trustee, as party of the second part, and the Western Loan & Trust Co., *cestui que trust,* as party of the third part.   The mortgage provided that the note should be paid at maturity to the Western Loan & Trust Company.   It contained the further provision that in case of default it might be foreclosed by action or advertisement, as provided by statute.   It contained a power of sale, and named and authorized the said W. W. McDonald, trustee, or his successor in trust, or their duly appointed attorney, to sell the premises described in the mortgage. and to convey the same to the purchaser in fee simple, and further provided that one H. M. McDonald should be successor in trust in case of the death, absence, inability, or refusal to act of the party of the second part.   On February 6, 1888, the said W. W. McDonald, trustee, indorsed said note in blank and delivered it to J. Emory Hoar, and on the following day executed, acknowledged, and delivered to said J. Emory Hoar an assignment of said mortgage, for which assignment of the said note and mortgage the

said J. Emory Hoar paid the Western Loan & Trust Company the full face value of said note. Said note was also indorsed by the said Loan & Trust Company by an indorsement amounting to a guaranty, made by the company by W. W. McDonald, "Pt." The mortgage was duly recorded in the office of the register of deeds in Butte county in January, 1888, and the assignment in February, 1888. No part of the principal or interest due after June 1, 1890, was paid, and on or about August, 1894, foreclosure proceedings were begun by advertisement. The published notice of foreclosure contained the name of the mortgagor and the name of W. W. McDonald, trustee, as mortgagee, and J. Emory Hoar as assignee, but did not mention the Western Loan & Trust Company as party of the third part. At the foreclosure sale the premises were sold to J. Emory Hoar, and, there being no redemption, a sheriff's deed was issued to him in October, 1895. By mesne conveyances the title passed to appellant, D. Blakely Hoar. From a time prior to the giving of the mortgage until the trial in this action respondent has been in possession of the premises. All of the taxes from 1889 to and including 1909 have been paid by J. Emory Hoar or his grantee. This action was begun in May, 1910. It is in the usual short form of an action to quiet title. Appellant answered, denying plaintiff's title, and set forth as a counterclaim his claim of title under the foreclosure proceedings and deed, the payment of taxes as above set forth, and pleaded the 10-year statute of limitations and an estoppel against plaintiff by reason of plaintiff's laches. Plaintiff replied, admitting the execution of the note and mortgage, denying the validity of the foreclosure proceedings, and pleaded section 66, C. C. P., as a bar to appellant's counterclaim. At the trial plaintiff offered to pay appellant the amount due on the note at the time of the foreclosure, and the expenses of foreclosure, with legal interest to date, and the amounts expended for taxes, with interest. Upon the foregoing facts the court held, as a matter of law, that the attempted assignment of the note and mortgage by W. W. McDonald, trustee, was in contravention of the power conferred upon him by the terms of the mortgage, and was therefore void; that the attempted foreclosure of the mortgage was irregular and void, and vested no title in the said J. Emory Hoar, and that likewise all the attempted conveyances of the mortgaged premises there-

under were void; but that the appellant, D. Blakely Hoar, had become subrogated to the rights of the Western Loan & Trust Company, and that plaintiff should repay to appellant all moneys he had advanced for the said note and mortgage and the foreclosure thereof, and all sums paid by him as taxes, together with interest thereon from date of payment, amounting in all to the sum of $2,249.95; that appellant have a lien on the mortgaged premises for that amount; and that, unless the same were paid by plaintiff within 60 days, said premises might be sold under execution in satisfaction thereof—holding in effect that the attempted assignment of the note and mortgage by W. W. McDonald, trustee, to J. Emory Hoar, and the receipt and appropriation of the proceeds thereof by the Western Loan & Trust Company, amounted to an equitable assignment of the note and mortgage to him, and the subsequent conveyances under the foreclosure proceeding conveyed to appellant the rights of the said mortgagee under the said mortgage. From the order denying a new trial, defendant D. Blakely Hoar appeals.

Appellant's assignments of error are voluminous. We are of the opinion that no question of estoppel or of laches by either party to the controversy is presented by the record, nor any question under statutes of limitation. We do not agree with appellant that there is any question of mistake in that the mortgage was to be paid to the party of the third part instead of the party of the second. We are of the opinion that the one important matter for determination in this case is whether or not the foreclosure of the mortgage was valid. It having been foreclosed by advertisement under notice of foreclosure sale given by direction of the assignee of the mortgage, was there a valid recorded assignment of the mortgage at the time of the foreclosure proceedings? If there was, the plaintiff has no standing in this court; if there was not, the decree of the trial court was right.

[1] There is no question in this case as to the pound of flesh or the last drop of blood, as argued by respondent. It is simply a question of interpretation of the mortgage and of the statutes relating thereto. Brown, mortgagor, mortgaged the land to McDonald, trustee, party of the second part, in trust for the Western Loan & Trust Company, party of the third part. The note was made payable to McDonald, trustee. McDonald was the legal

owner of the note and mortgage. The Western Loan & Trust Company was the equitable owner. McDonald, trustee, assigned the mortgage, together with the note secured thereby, to J. Emory Hoar, who placed his assignment of record, and later foreclosed the mortgage. The note was also indorsed by the company by an indorsement amounting to a guaranty, made by the company by McDonald, "Pt." This was in law an indorsement, and passed the interest of the Western Loan & Trust Company in the note and mortgage to the holder of the note. Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; 7 Cyc. 795, n. 50, 51.

[2] Eliminating from consideration for a moment the power of sale contained in the mortgage, and also the provision in regard to the appointment of a receiver, let us consider the nature of the trust relation. Section 2044, Civ. Code provides as follows: "Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge." This section is exactly like the California statute. In that state the words "other than in trust" have been held in Banta v. Wise, 135 Cal. 277, 67 Pac. 129, to refer to sections 852 and 857 of the California Civil Code. These sections are precisely like our sections 302 and 305 of the Civil Code. Therefore, if the instrument in question had been a trust in relation to real estate, it would have vested no title in the trustee under the provisions of section 308, Civ. Code. Murphy v. Cook, 11 S. D. 47, 75 N. W. 387.

[3] It has many times been held by this court that an instrument similar to the mortgage or trust deed in issue was a mortgage; therefore the note and mortgage were personal property. Berry v. Evendon, 14 N. D. 1, 8, 103, N. W. 748. A trust in personal property may lawfully be created. Section 1612, Civ. Code; Perry on Trusts (6th Ed.) §§ 311, 318, 330; Berry v. Evendon, supra; Toland v. Toland, 123 Cal. 140, 144, 55 Pac. 681. Section 308, Civ. Code, relates only to real property, and is not at all applicable to a trust in personal property. We believe that if this distinction had been borne in mind, much of the

trouble this court was put to in deciding the "Dunn" cases might have been obviated.

[4] In this case not only the title to the mortgage, but the title to the note, was vested by the contract in the trustee, although the mortgage provided that the indebtedness should be paid to *cestui que trust*. The trustee, therefore, held the legal title to such personal property, and the Western Loan & Trust Company was the beneficiary. As such trustee, he was the general agent of the property. Section 1642, Civ. Code. In addition to his powers as trustee of personal property he was given the power of sale in the event of default in the terms of the mortgage. This power of sale was a power in trust in relation to real property. Section 336, Civ. Code; Reilly v. Phillips, 4 S. D. 604, 57 N. W. 780. Such power was thus expressed: "Eighth. It is also agreed that this mortgage may be foreclosed by action or by advertisement as provided in chapter 28 of the Code of Civil Procedure, of the Revised Code of Dakota of 1887, and the amendments thereto, and this paragraph authorizes and constitutes the power to sell as provided in said chapter and it is also agreed that should foreclosure be commenced as above provided, an attorney's fee of $100 shall be allowed for the plaintiff's attorney and shall be collected as part of costs of foreclosure and *said party of the second part or his successor in trust or their duly appointed attorney may proceed to sell the premises hereby conveyed and convey the same to the purchaser in fee simple agreeable to the statute made and provided.*" The power of sale was full and complete without the addition of the part italicized. Male v. Longstaff, 9 S. D. 389, 69 N. W. 577. That only gave the right that the sale might be conducted by the trustee or his successor in trust. If the italicized part be omitted, the power of sale still remains intact and passed with the mortgage if there was a valid assignment.

[5] The question as to whether the power of sale was personal to McDonald, trustee, and to his successor in trust named in mortgage, or whether it passed by assignment of the mortgage *to* the assignee, is unimportant. The important thing is that there was a power of sale. At the time the mortgage was given, the sale under foreclosure by advertisement could have been made by the person designated in the mortgage, or by the sheriff. By

chapter 84 of the Laws of 1891, the power to make the sale was taken away from the person designated in the mortgage, and lodged only in the sheriff or his deputy. It being given pursuant to the provisions of chapter 28 of the Code of Civil Procedure and the amendments thereto, the effect was the same as if chapter 84 of the Laws of 1891 had been incorporated in the contract. Since this act merely changed the person who could act as auctioneer upon foreclosure sale, it was not an impairment of the obligation of the mortgage. Campbell v. Eq. L. & T. Co., 17 S. D. 31, 94 N. W. 401. So that at the time of the foreclosure, if the mortgage had not been assigned, the trustee could not have acted as the real vendor in the foreclosure proceeding because of the provisions of the Law of 1891. After the mortgage was assigned, the trustee could not have exercised the power of sale. Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210. But such power of sale was a part of the security, and as such it passed with the mortgage by assignment and became available to the assignee (section 336, Civ. Code), although the sale could only be made by the sheriff, so there is no question of personal trust and confidence in the trustee to make the sale involved in this case. The only question of trust and confidence is between the party of the third part and the party of the second part.

[6] This court has held in a similar case that it is the creditor that selects the trustee, and that. he is invested with such other powers as mortgagees usually possess. Robeson v. Dun, 17 S. D. 310, 96 N. W. 104. If Brown had paid the note to McDonald, and had received the cancelled note and mortgage, and McDonald had failed to account for it to the Western Loan & Trust Company, Brown would not have been obliged to make payment to the beneficiary over again. This court has held that payments to the trustee and satisfactions of the mortgages given by the trustee, even without the surrender of the note and mortgage, terminated the liability of the mortgagor under circumstances amounting to an estoppel against the holder of the note and mortgage. Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; Pickford v. Peebles, 7 S. D. 166, 63 N. W. 799; Robeson v. Dunn, 17 S. D. 310, 96 N. W. 104; McVay v. Tousley, 20 S. D. 258, 105 N. W. 932, 129 Am. St. Rep. 927; Barry v. Stover, 20 S. D. 459, 107 N. W. 672, 129 Am. St. Rep. 941; McVay v. Bridgman, 21

S. D. 374, 112 N. W. 1138. In all of the above cases the note was payable to the third party and not to the trustee, as in this case.

[7] By the provisions of section 1648, Civ. Code, a trust is extinguished by the entire fulfillment of its object, or by such object becoming impossible or unlawful. By the terms of section 1651, Civ. Code, a trustee is discharged from his trust by the extinction of the trust; by the completion of his duties under the trust; by the consent of the beneficiary if he has capacity to contract. The only question to be determined, therefore, it seems to us, is whether the trust was lawfully extinguished, or whether the assignment of the mortgage was consented to by the beneficiary. If it was lawfully extinguished, or if such assent by the beneficiary was not required to be evidenced by an instrument of the formality of an assignment of a mortgage, then the title to the note and mortgage passed to the assignee, and the assignment by the trustee having been recorded, the foreclosure by the assignee was lawful. It seems to us that the transaction amounted both to an extinguishment of the trust and to a complete discharge of his duties under the trust, and to the discharge of the trustee by consent of the beneficiary. If the foreclosure had been made by action, the trustee could have maintained the action without the beneficiary being joined. This court has held, in Sprague v. Lovett, 20 S. D. 328, 106 N. W. 134, that the assignment of a note and mortgage by the trustee was sufficient without assignments by the third party or his successor in interest. It seems to us that case is decisive of the important question involved in this case. We are of the opinion that the foreclosure proceedings were valid, and the sheriff's deed vested title in the grantee therein.

We are of the opinion that the judgment of the trial should be reversed, and a new trial had in accordance with the views herein expressed.

POLLEY, J. I am unable to agree with the majority opinion in this case. I believe that some of the important facts have been lost sight of, and that the conclusions reached are not supported by sound reason, and are not in harmony with the former decisions of this court.

The note and mortgage involved were executed by the respondent on the 9th day of January, 1888. In the mortgage, the

respondent was named as the party of the first part, W. W. Mc-
Donald, trustee, party of the second part, and the Western Loan
& Trust Company, cestui que trust, as party of the third part. The
mortgage provided that the amount of the note *should be paid at
maturity, to the Western Loan & Trust Company.* It also con-
tained a provision that the plaintiff should pay all taxes and as-
sessments that might be levied or assessed against the property,
and the further provision that, in default of payment of interest
or principal when due, it might be foreclosed by action or by ad-
vertisement, as provided by statute. It contained a statutory power
of sale, and named and authorized the said W. W. McDonald,
trustee, or his successor in trust, or their duly appointed attorney,
to sell the premises described in the mortgage, and to convey the
same to the purchaser in fee simple, and further provided "that in
case of the death, absence, inability or refusal to act of said party
of the second part (W. W. McDonald, trustee) then H. M.
McDonald shall and is hereby appointed and made successor in
trust to the trustee hereinbefore named, with like powers and
authority." No other or further power or authority was con-
ferred upon the said trustee, or his successor in trust, either in
the mortgage or by any separate instrument.

On the 6th day of February, 1888, the said W. W. Mc-
Donald, trustee, indorsed the said note in blank and turned it
over to J. Emory Hoar, and, on the following day, executed,
acknowledged, and delivered to the said J. Emory Hoar an assign-
ment of the said mortgage, for which assignment of the said note
and mortgage the said J. Emory Hoar paid the Western Loan &
Trust Company the full face value of the said note. No part of
the principal, nor any interest after the 1st day of June, 1890,
was ever paid; and, on or about the 1st day of August, 1894, the
said J. Emory Hoar undertook to foreclose said mortgage by ad-
vertisement. The published notice of foreclosure sale contained the
names of Thomas Brown, mortgagor, W. W. McDonald, trustee,
mortgagee, and J. Emory Hoar, as assignee, but contained no ref-
erence to or any mention of the Western Loan & Trust Company,
the real mortgagee. At the foreclosur esale, the mortgaged premises
were bid in in the name of J. Emory Hoar, to whom a sheriff's
certificate of sale issued, and later on, on the 19th day of October,
1895, a sheriff's deed issued. This deed was regularly executed,

acknowledged, and recorded; and thereafter, by mesne conveyance, the record title to the property, under the foreclosure proceeding, passed to D. Blakely Hoar, the appellant herein.

Plaintiff acquired his title to the mortgaged premises under the Homestead Law of the United States, having first settled thereon on the 8th. of April, 1880. During all the time from that date until the time of the trial, he occupied the premises—lived there nearly all the time—but was in possession, either by himself or his tenant, and exercised absolute dominion over the same, all the time, and during all this time the land was assessed against him for purposes of taxation. He paid no attention whatever to the foreclosure proceedings, or ever recognized that appellant, or any one claiming thereunder, had any rights in the premises, nor did appellant, or any of his predecessors in interest under the foreclosure proceedings, ever molest plaintiff in his possession or assert any rights whatever in the premises, except that in 1895 J. Emory Hoar paid the taxes that had accrued since 1889, and thereafter he or the appellant paid all taxes assessed against the property down to and including 1909.

This suit was commenced in May, 1910. Plaintiff, in his complaint, alleged ownership in himself and possession of the mortgaged premises, and, in his prayer for relief, asked the court to adjudge him to be the owner thereof, and that defendants be permanently enjoined from asserting any further claim thereto. Appellant, D. Blakely Hoar, answering alone, denied plaintiff's title, set up a counterclaim in which the note and mortgage, and the facts relative to the assignment and foreclosure thereof, and the chain of title through which appellant claimed thereunder were properly pleaded. He also alleged payment of the taxes on the mortgaged premises since and including the year 1889, amounting to $210.70, and that at the time of the alleged foreclosure the said premises were, and until the trial of this action continued to be, vacant, unoccupied, and uninclosed land. He then pleaded the 10 year statute of limitations and an estoppel against plaintiff, by reason of plaintiff's alleged laches in having failed for so many years to assail appellant's title under the foreclosure proceedings. Plaintiff, in a reply, admitted the execution and delivery of the note and mortgage, but denied generally the other matters set up in appellant's counterclaim, and pleaded section 66 of the Code

of Civil Procedure as a bar to appellant's right to maintain the cause of action pleaded in his counterclaim.  At the trial, plaintiff, for the purpose of doing equity, offered to pay appellant the amount due on the note at the time of the foreclosure and the expense of foreclosure, with legal interest thereon to date, and also all money appellant had paid as taxes, with interest thereon from the respective dates of payment.

Upon the foregoing facts, the court held, as a matter of law, that the attempted assignment of the note and mortgage by W. W. McDonald, trustee, was in contravention of the power conferred upon him by the terms of the mortgage, and was therefore void; that the attempted foreclosure of the mortgage was irregular and void, and vested no title in him, and that likewise all the attempted conveyances of the mortgaged premises thereunder were void; that all the equities in the case were with the plaintiff, but that the appellant, D. Blakely Hoar, had become subrogated to the rights of the Western Loan & Trust Company in and to the said note and mortgage, and that plaintiff should repay to appellant all moneys he had advanced for the said note and mortgage and the foreclosure thereof, and all sums paid by him as taxes, together with interest thereon from the date of payment, amounting in all to the sum of $2,249.95; that appellant have a lien on the mortgaged premises for that amount; and that, unless the same were paid by plaintiff within 60 days, said premises might be sold under execution in satisfaction thereof—holding in effect that the attempted assignment of the note and mortgage by W. W. McDonald, trustee, to J. Emory Hoar, and the receipt and appropriation of the proceeds thereof by the Western Loan & Trust Company, amounting to an equitable assignment of the note and mortgage to him, and that the subsequent conveyances under the foreclosure proceeding conveyed to appellant the rights of the said mortgagee under the said mortgage.

In their brief, counsel argue the case under four propositions: First, that the assignment and transfer of the note and mortgage by W. W. McDonald was authorized and valid, and conveyed the title thereto to J. Emory Hoar; second, that the proceedings to foreclose the mortgage were regular and valid; third, that plaintiff had been guilty of laches in asserting his title;

and, fourth, that plaintiff's cause of action was barred by the statute of limitations.

At the outset, counsel for appellant contend that there is a mistake in the wording of the mortgage; that the defeasance clause therein, which requires that the $500 mentioned in the note be paid to the Western Loan & Trust Company, "party of the third part," should have required it to be paid to W. W. McDonald, trustee, "party of the second part"; that the note secured by the mortgage was made payable to W. W. McDonald, trustee, party of the second part; and that the note and mortgage should be read and construed together. Inasmuch as the mortgage is only collateral to the note, there is much force to this argument, but on the other hand, there is nothing in the entire record to support counsels' theory that any mistake exists. The original mortgage is before us; it is made out on a special printed form, with the names of the parties of the second and third part and all the conditions thereof printed, and has every appearance of having been carefully prepared, and to state the conditions of the transaction just as the parties intended them to be. It is true that in the granting clause of the mortgage the grant runs to the party of the second part, but, when we remember that it was the party of the third part (Western Loan & Trust Company) who furnished the money and made the loan, it is not at all extraordinary that the mortgage should require that the money be repaid to it. Indeed it would be just as reasonable, or even more reasonable, to suppose there is a mistake in the granting clause, and that it was the intention of the parties that the grant should run to the Western Loan & Trust Company instead of to the trustee. But there is nothing to indicate that either clause in the mortgage is other than just as the parties intended it should be.

It is true, as said in the majority opinion, "that the one important matter for determination in this case is whether or not the foreclosure of the mortgage was valid," but this, in turn, depends upon the validity of the attempted assignment of the mortgage, so that the determination of the real controversy depends wholly upon the effect of the assignment of the note and mortgage by W. W. McDonald, the trustee, to J. Emory Hoar, or rather, what, if anything, passed by the assignment from McDonald, trustee, to J. Emory Hoar; and this, in turn, depends upon the ex-

tent of the power conferred upon said trustee by the terms of
the mortgage. While he is named as the grantee in the granting
clause of the mortgage, the money secured by the mortgage be-
longed to the Western Loan & Trust Company, and, on ma-
turity of the note, was to be repaid to the Western Loan & Trust
Company, so that McDonald had no beneficial interest whatever
in the mortgage. The trust attempted to be created does not fall
within any of the classes of express trusts permitted by the Civil
Code; therefore it vested no estate in the trustee, but, under the
provisions of section 308, Civil Code, the power of sale contained
in the eighth clause of the mortgage became a valid power in
trust. This power, however, is restricted by the said clause ·
creating it to but a single purpose; i. e., in case of a default in
the payment of the principal or interest due on the note, he was
to sell the mortgaged premises and convey the same to the pur-
chaser in fee simple. This power he was not authorized to assign
nor delegate to any other person; and, in case of his
failure, for any reason, to make the said sale, the said H. M.
McDonald was appointed as his successor in trust to exercise the
power conferred upon him (W. W. McDonald). He was not
authorized to sell·or assign the mortgage itself, nor was he even
authorized to satisfy the mortgage of record upon the payment of
the note and interest to the Western Loan & Trust Company. No
implied power can be inferred from any of. the conditions of the
mortgage, and it is a general rule of law that a valid assignment
of a mortgage can be made only by the person who has the real
and beneficial ownership of the debt secured. 27 Cyc. 1279;
Gimbel v. Pignero, 62 Mo. 240; McFarland v. Day, 69 Ill. 419;
Hatz's Appeal, 40 Pa. 209.

Section 317, Rev. Civ. Code, provides that: "Where a trust
in relation to real property is expressed in the instrument creating
the estate, every transfer or other act of the trustees, in contraven-
tion of the trust is absolutely void." In view of this statute, the
attempted assignment of the mortgage by the trustee was void; and
while, by reason of· the fact that the consideration for the as-
signment was paid over to the Western Loan & Trust Company,
the owner of the mortgage, the transaction amounted to an equit-
able assignment of the mortgage as a security, it did not confer
upon the assignee, J. Emory Hoar, the right to exercise the power

of sale contained in the mortgage, which had been expressly vested
in W. W. McDonald by the mortgagor.  This being the case, the
attempted exercise of the power of sale contained in the mort-
gage, by the assignee of the trustee, could convey no title to the
premises to the purchaser under that sale, and therefore it is wholly
immaterial whether the notice of the foreclosure sale complied
strictly with the statutory requirements or not.

Counsel for appellant cite and rely upon the authority of Male
v. Longstaff, 9 S. D. 389, 69 N. W. 577, in support of the fore-
closure of the mortgage by J. Emory Hoar; and that case is also
cited in support of the majority opinion in this case.  But the cases
are not analogous.  In Male v. Longstaff, the question involved
was whether or not the power of sale contained in the mortgage
under chapter 28, Code Civ. Proc., could be exercised, and a valid
foreclosure had by the trustee named in the mortgage for that
purpose.  The court held that it could, but in that case there had
been no assignment, nor attempted assignment, of the mortgage,
and the power of sale was exercised by the party named for that
very purpose in the mortgage itself.  In the case at bar there
could have been no question as to the authorty of W. W. Mc-
Donald to exercise the power of sale contained in the mortgage,
had he not assigned the same and undertaken to clothe some other
party with the power that had been conferred upon him.

Appellant strenuously contends, and the majority opinion so
holds, that because the mortgage contained a power of sale, it
could be foreclosed by advertisement, and the power of sale ex-
ercised by any one who happened at the time to be the owner
of the mortgage.  Or, in other words, that, so long as the debt
secured by the mortgage remained unpaid, it was immaterial to
the mortgagor who exercised the power of sale.  But there are
two answers to this argument:

In the first place, the power of sale was specifically limited to
McDonald, trustee; or, in case of his failure, for any reason, to
act, then to his successor in trust, named in the mortgage.  The
relation of trustor and trustee existed between the mortgagor and
the trustee, and this relation, in turn, implies special confidence and
trust placed in the trustee by his trustor, and it is presumed that
it was because of this confidence placed in the trustee by the

16—Vol. 32, S. D.

trustor that McDonald was selected to make the sale in case of foreclosure, and therefore the power of sale could not be delegated to or exercised by any one else. Neither was this provision in the mortgage in any wise affected by chapter 84, Laws 1891. The law in force at the time of the execution of the mortgage required the sale to be made "by the person appointed for that purpose in the mortgage," or by the sheriff of the county in which the sale is made. This law was a part of the contract between the parties, and could not be changed by subsequent legislation. State v. Fylpaa, 3 S. D. 586, 54 N. W. 599. A law enacted in 1891 could not affect a contract made three years prior thereto.

In the second place, the power conferred upon the trustee is specifically limited to the making of the foreclosure sale, and his act in attempting to sell and assign the mortgage itself was not only in excess of the power conferred upon him, but was clearly in contravention of his trust, and, under the provisions of section 317, Code Civ. Proc., was absolutely void, and, being void, the assignment conveyed nothing. Therefore J. Emory Hoar was not the owner of the mortgage at the time of the attempted foreclosure, and the reasoning employed in the majority opinion, if sound, would not apply to the facts in this case. The rule established will lead to endless confusion, and in many cases open the door to fraud. In this case, it is true, McDonald, trustee, after his attempted assignment of the mortgage, properly accounted for the proceeds, and paid the same over to the Western Loan & Trust Company, the owner of the debt and mortgage, and no fraud was practiced or harm done. But, supposing he had misappropriated or converted the proceeds of the assignment, his acts in making the assignment, being in excess of his authority given in the mortgage, would not be binding on either of the other parties to the mortgage, and the Western Loan & Trust Company would still have the right of foreclosure if the mortgage debt were not paid when due. This would have left the assignee without recourse, except as against the trustee. He would not be in the position of an innocent purchaser for value. The mortgage was of record. It showed the extent of McDonald's power, and knowledge thereof was imputed to the assignee at the time of the attempted assignment. Therefore he is in the position of having

paid value for an assignment which he knew the assignor had
no authority to make.

The indorsement and sale of the note by the trustee and the
guaranty of the payment thereof, made by the Western Loan &
Trust Company on the back of the note, are of no materiality
whatever. The trustee was the payee and legal holder of the note,
and, as such, had authority to indorse and transfer the same
This, as a matter of law, was sufficient to carry with it the se-
curity, and the right to realize on the security, and there never
was a time, after the first default in the payment of interest, that
J. Emory Hoar could not have maintained a suit in equity to
foreclose the mortgage. But there is a vast difference between the
right to foreclose a mortgage by action and the right to foreclose
it by advertisement. The right to foreclose by action may be en-
forced in a court of equity, by any person owning the debt secured
by the mortgage; while the right to foreclose by advertisement is a
mere statutory right that can be exercised only by the party named
as mortgagee in the mortgage, or his assignee named in an assign-
ment in writing, acknowledged by the assignor, and duly recorded
before the beginning of the foreclosure proceedings. Code Civ.
Proc. § 637. The right of J. Emory Hoar to foreclose the mort-
gage by advertisement did not depend upon the sufficiency or
validity of the indorsement and transfer of the note, but upon
the right of W. W. McDonald, trustee, to execute the written
assignment of the mortgage.

Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St.
Rep. 859, cited in the majority opinion, is not in point in this
case. In that case the trustee was the grantee in the mortgage,
while the cestui que trust was the payee in the note. Whether the
defeasance clause in the mortgage required the payment of the
money to be made to the cestui que trust, as does the mortgage
under consideration, does not appear; but the indorsement on the
note was executed by the cestui que trust, a corporation, by its
president, and was not signed by the trustee at all.

The cases of Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779;
Robeson v. Dunn, 17 S. D. 310, 96 N. W. 104; McVay v. Tousley,
20 S. D. 258, 105 N. W. 932, 129 Am. St. Rep. 927; Barry v.
Stover, 20 S. D. 459, 107 N. W. 672, 129 Am. St. Rep. 941;
McVay v. Bridgman, 21 S. D. 374, 112 N. W. 1138—cited in the

majority opinion in support of the proposition that payment of the mortgage debt to the trustee and satisfaction by him of the mortgage terminate the liability of the mortgagor, do not, in my judgment, support the proposition at all. These cases all grew out of transactions carried on by one J. M. Dunn, who made loans of his own money, but took notes and mortgages to himself as trustee, naming his wife, P. M. Dunn, as the cestui que trust. These mortgages were then assigned, but the assignments were not recorded; and, while Dunn was still the record owner as trustee for his wife of the mortgages, they were satisfied of record, or the property reconveyed by him and the reconveyances recorded. While the record was in this condition, innocent third parties, relying upon the record, acquired interests in the mortgaged property. The court held that Dunn was the agent of his wife, and had apparent authority, at least, to execute the releases, and that the rights of the subsequent purchasers and incumbrancers became superior to the rights of the assignees. But the underlying principle which really governed the court in reaching the conclusion it did was the fact that the failure of the assignees to record their assignments gave rise to a situation where one of two innocent parties must suffer; and, as this situation was the result of the negligence of the assignees in their failure to record their assignments, the court held that they were the ones who must suffer.

I concur with what is said relative to estoppel and laches, and the statute of limitations. Plaintiff contended that appellant's cause of action set up in his counterclaim was barred by section 66, Code Civ. Proc., and the defendant claimed that, under color of title, he had paid the taxes assessed against the mortgaged property for more than 10 years prior to the commencement of the action, and that therefore plaintiff's cause of action was barred by sections 54 and 55, Code Civ. Proc. But neither party is in position to avail himself of the statute of limitations. Section 66, Code Civ. Proc., reads as follows: "An action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." This does not apply to an action of this character. This is an action to determine the right of possession of real property, and therefore the time within which it may be maintained is provided for in a different sec-

tion of the Code.   Moreover, if the assignment and foreclosure of the mortgage were valid and sufficient to divest plaintiff of his title, then his title was terminated on the 19th day of October, 1895, when the sheriff's deed was issued, and his possession, from that time on, was that of a mere trespasser, and would not have ripened into a title, nor barred appellant's action, however long it may have continued.   On the other hand, if the assignment and foreclosure proceedings under the mortgage were not sufficient to divest him of title, then he was the legal owner of the premises, and entitled to the possession thereof as such, and his title could not be strengthened by possession, however long it may have continued.   Neither is the defendant's title strengthened by the fact that he paid taxes for a period of 10 consecutive years before the commencement of the action.   Although he had color of title to the premises, he was not in possession thereof during the time he paid the taxes, nor was it vacant and unoccupied land, as it must be in order that payment of taxes for a period of 10 consecutive years may be a bar to an action for possession or to quiet title, as provided by law.

Appellant contends that plaintiff was guilty of laches in his failure to question the validity of appellant's title for so long a period of time—a period extending from the date of the sheriff's deed to appellant's grantor, on the 19th day of October, A. D. 1895, until the commencement of this action.   On this proposition, appellant cites and relies upon the opinion of this court in the case of Kenny et al. v. McKenzie, 25 S. D. 485, 127 N. W. 597. If the position of appellant and respondent, relative to the possession of the disputed premises, were reversed, the decision in Kenney v. McKenzie might be decisive in this case, but the facts and circumstances of the two cases are so different that the conclusion reached in the one case would not be warranted by the facts in the other.   The controversy in both cases involved the validity of the assignment and foreclosure of a real estate mortgage; but in that case the plaintiff, who stood in the position, as mortgagor, of the plaintiff in this case, had recognized the validity of the assignment and the foreclosure proceedings, and had surrendered the possession of the disputed premises to the holder of the sheriff's deed.   He then stood idly by for a period of more than seven -years, during which time the premises passed into

the ownership and possession of purchasers, who, relying upon the validity of the assignment and foreclosure of the mortgage, and upon the acts of the plaintiff, who had surrendered possession of the premises to the purchaser at the foreclosure sale, had parted with value as well as having made valuable improvements upon the property itself; while in this case the plaintiff never, in any manner, recognized the foreclosure proceedings nor surrendered possession, nor in any manner recognized any rights of the appellant or his grantors under the foreclosure proceeding. Nor did he do, or omit to do, any act that caused appellant to change his position or to part with value, or that would otherwise work an estoppel. The doctrine of laches or equitable estoppel, as applied to cases of this character, is reviewed at great length in the opinion of the court in Kenny v. McKenzie, supra, and nothing would be gained by a repetition of the matter herein. Suffice it to say, however, that the plaintiff in this action has been guilty of no act or conduct relative to the disputed premises that can estop him from maintaining this action to remove a cloud from the title to his property.

Neither is there anything inconsistent in the position of the respondent when he denies the validity of the assignment and foreclosure of the mortgage, and, at the same time, offers to pay the amount of the mortgage debt, together with all the interest and taxes that have accrued and been paid by the appellant. He still owes the debt as much as he ever did, and, while the assignment of the mortgage was void, and did not authorize the assignee to exercise the power of sale contained therein, the acceptance and appropriation of the mortgage debt by the Western Loan & Trust Company amounted to an equitable assignment of the same to the assignee, and, by the application of the same equitable principles, the rights of the assignee were transferred to the appellant by the subsequent conveyances, and he therefore became subrogated to all of the rights of the original mortgagee, as held by the trial court.

The decision of the trial court requires the plaintiff to pay to the defendant the full amount of the original loan, with costs, expenses, and interest thereon, together with all the taxes paid by the appellant, and interest thereon, amounting to more than three times the whole amount ever advanced by appellant and his gran-

tors, and gives the plaintiff an opportunity to redeem his property. This, it seems to me, does equity to both parties, and the order appealed from ought to be affirmed.