STATE, Respondent, v. RUDEN, Superintendent of Banks, et al, Appellants.

(244 N. W. 886.)

(File No. 7263. Opinion filed November 1, 1932.)

*Bruell & Henderson,* of Redfield, (*T. B. Thorson,* of Rapid City, of counsel), for Appellants.

*M. Q. Sharpe,* Attorney General, and *Charles P. Warren,* Assistant Attorney General, for the State.

RUDOLPH, J. This action was brought to set aside a sale under a foreclosure of a real estate mortgage by advertisement. The facts are as follows: Fred Hauck was the owner of the southeast quarter and southwest quarter of section 18; his mother, Elizabeth Hauck, was the owner of the southwest querter of section 17. On March 7, 1923, the state made a $7,500 rural credit loan on the three quarters above mentioned. Both owners joined in signing the mortgage. The mortgagors defaulted in the terms of the mortgage and foreclosure proceedings by advertisement were commenced. The Attorney General's office forwarded the papers in

connection with the foreclosure to the state's attorney of Campbell county, the land being situated in that county, and instructed the state's attorney to bid in the property for the total amount due at the time of the sale including costs less $1, if there were no bidders at the sale who would bid an equal amount. On the morning set for the sale, the state's attorney was out of town, but left with the sheriff a computation of the amount due under the mortgage, and an instruction to the sheriff to bid in the property for the mortgagee at the sum of $8,445.16. At 10:20 o'clock of the day fixed for the sale (the sale being set for 10 o'clock) the sheriff proceeded to hold the sale. He offered the land first in 40-acre tracts, then in 80-acre tracts, and so on until the south half of section 18 was offered. The defendant Walter placed a bid on this offer at $2,500. The sheriff at first refused to strike off the premises at this bid, but Walter insisted that he was required to do so under the law, and finally the sheriff did strike off and sell to Walter the half section at the amount bid. The sheriff then offered for sale the remaining quarter section. Walter placed a bid on this offer of $500, which the sheriff refused. The sheriff then purporting to act in the name of the mortgagee bid in the quarter at the sum of $5,945.16. The state refused to ratify the sale of the quarter section or to accept a certificate of sale thereon, and the state also refused to accept from the sheriff the $2,500 paid by Walter. The sheriff issued a certificate of sale to Walter. The trial court made findings of fact and conclusions of law in favor of the plaintiff, and entered a judgment setting aside the foreclosure sale. The defendants have appealed from the order denying a motion for a new trial. The only parties defendant to this action are the purchaser, Walter, and the Walworth County State Bank, which held a second mortgage upon the south half of section 18.

The trial court entered a conclusion of law as follows: "That the sheriff, acting as the agent and trustee of the plaintiff, was required to exercise vigilance and a sound discretion in the conduct to the sale and in the protection of the rights and interests of the mortgagee; in the exercise of a wise and sound discretion the said sheriff could and should have advised the plaintiff or its representatives of the bid submitted at said sale before striking off the half section tract, could and should have postponed or adjourned the sale in the manner provided by law."

The making of this conclusion of law by the trial court is assigned as error by the appeal as follows: "The court erred in making its fourth conclusion of law to the effect that the sheriff in conducting the foreclosure proceedings was required to exercise vigilance and sound discretion in the conduct of the sale and in protecting all right and interest of the mortgagee and in exercising wise and sound discretion should have advised the plaintiff of the offer submitted and the amount thereof, before concluding the sale. There is no statutory provision requiring sheriffs to be inoculated with all of these qualities. Neither does the statute nor equity provide that the mortgagee shall have any special guardianship or protection in foreclosure proceedings and the purpose of the courts and legislative enactments is to protect the mortgagor and junior encumbrances as far as possible."

Since the decision of this case by the trial court, this court has decided the case of Fransen v. State et al, 59 S. D. 432, 240 N. W. 503, 505. In that case this court said: "If it be urged that defendant did not know of plaintiff's bid because it did not attend the sale, the answer is that defendant should have attended the sale, by proper agent or attorney, and will not be heard to plead ignorance of facts which it would have known if it had so done. Previously to 1891, the actual sale upon mortgage foreclosure might be made by the person appointed for that purpose in the mortgage, or by the sheriff or his deputy. Since chapter 84, Laws 1891 (section 2881, R. C. 1919), the sale must be made by the sheriff or his deputy. This, however, refers only to the actual process of selling, issuing certificate of sale, accepting redemption, etc. The exercise of the power of sale in its broader sense is in the person to whom the mortgagor gives it; that is, the mortgagee (or in proper case his executor or assignee). It is for the mortgagee to determine when the power of sale will be exercised, and to give notice of the sale. Section 2877, R. C. 1919. It is the duty of the mortgagee to know what goes on at the sale, and to direct and supervise the same, and he should be present at the sale in person or by agent or attorney. See Simonton v. Conn. Mutual Life Ins. Co., 90 Minn. 24, 95 N. W. 451. Cf. also Brown v. Hall, 32 S. D. 225, 142 N. W. 854."

Under the facts as determined by the trial court, we are of the opinion that the conclusion of law, above set out, was in direct

conflict with the rule announced in the case of Fransen v. State et al, supra, and that the order appealed from should be reversed. It is so ordered.

CAMPBELL, P. J., and POLLEY and WARREN, JJ., concur.

ROBERTS, J., disqualified and not sitting.